**ROSTOW & AUSTER LLP**
REZA I. GHARAKHANI, (SBN 162690)
2049 Century Park East, Suite 2525
Los Angeles, California 90067
Telephone:  (310) 772-0080
Telecopier:  (310) 772-0822
Email: gharakhani@rostow.com

Attorneys for Defendants
DCM, INC., and ALIRAZA JIVAN and
Specially appearing on behalf of Defendants
LIBERTY NOVELTY, INC., and
ALFIA JIVAN

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – BAKERSFIELD DIVISION

| | |
|---|---|
| FULL SPECTRUM IH, LLC, a Florida limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DCM, INC., a Nevada corporation; LIBERTY NOVELTY, INC., a Maryland corporation; ALIRAZA JIVAN, an individual; ALFIA JIVAN, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.  1:20-cv-00673-DAD-JLT<br><br>**DEFENDANTS DCM, INC., AND ALIRAZA JIVAN AND SPECIALLY APPEARING DEFENDANTS LIBERTY NOVELTY, INC., AND ALFIA JIVAN'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES (FRCP 55(c))**<br><br>[Filed concurrently with the Declarations of Alfia Jivan, AliRaza Jivan, Minor "AJ," Alejandra Duran, Reza I. Gharakhani, Esq., and Proposed Order]<br><br>Date:  September 10, 2020; 9:30 a.m.<br>Judge:  Hon. Jennifer L. Thurston<br>Place:  United States Courthouse, 510 19th Street, Ste. 200 Bakersfield, CA 93301 |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on Tuesday, September 10, 2020, at 9:30

LA:2204.1207 - i -
/CASE NO. 1:20-CV-00673-DAD-JLT
DEFENDANTS DCM, INC., AND ALIRAZA JIVAN AND SPECIALLY APPEARING DEFENDANTS LIBERTY NOVELTY, INC., AND ALFIA JIVAN'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT

ROSTOW & AUSTER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  a.m., or as soon thereafter as the matter may be heard before the Honorable Judge
2  Jennifer L. Thurston in the United States District Court for the Eastern District of
3  California, Suite 200 of the United States Courthouse, located at 510 19th Street,
4  Bakersfield, California 93301, Defendants Alfia Jivan and Liberty Novelty, Inc.,
5  special and limited appearance, and Defendants AliRaza Jivan and DCM, Inc., will
6  and hereby move the court to set aside the Defaults entered by the Clerk on June 17,
7  2020 and July 21, 2020 in this matter pursuant to Rule 55(c) of the Federal Rules of
8  Civil Procedure.

9      This motion is made on the grounds that: (1) the entry of default was due to
10  improper service of process that was not communicated to Defendants and
11  Defendants' inadvertence that caused the delay in filing an Answer to Plaintiff's
12  Complaint; (2) setting the entry of default aside will not prejudice Plaintiff as the
13  case was only recently filed and no other parties aside from Plaintiff and
14  Defendants are involved; and (3) Defendants have meritorious defenses to the
15  claims for relief alleged in Plaintiff's Complaint.
16  ///

LA:2204.1207     - ii -
/CASE NO. 1:20-CV-00673-DAD-JLT
DEFENDANTS DCM, INC., AND ALIRAZA JIVAN AND SPECIALLY APPEARING DEFENDANTS LIBERTY NOVELTY, INC.,
AND ALFIA JIVAN'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT

ROSTOW & AUSTER
LLP
ATTORNEYS AT LAW
LOS ANGELES

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Alfia Jivan, AliRaza Jivan, their minor son identified by his initials "AJ," Alejandra Duran and Reza I. Gharakhani, Esq., and exhibits attached thereto, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: August 13, 2020          ROSTOW & AUSTER LLP

By: /s/ Reza I. Gharakhani
REZA I. GHARAKHANI
Attorneys for Defendants
DCM, INC., and ALIRAZA JIVAN and
Specially appearing on behalf of
Defendants LIBERTY NOVELTY, INC.,
and ALFIA JIVAN

LA:2204.1207                - iii -
/CASE NO. 1:20-CV-00673-DAD-JLT
DEFENDANTS DCM, INC., AND ALIRAZA JIVAN AND SPECIALLY APPEARING DEFENDANTS LIBERTY NOVELTY, INC., AND ALFIA JIVAN'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT

ROSTOW & AUSTER LLP
ATTORNEYS AT LAW
LOS ANGELES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants Alfia Jivan ("Alfia Jivan") and Liberty Novelty, Inc., ("Liberty" [Alfia Jivan and Liberty will hereinafter be referred to as "Special Defendants[1]"]) by this special (i.e., limited) appearance and motion under Federal Rule of Civil Procedure 55(c), hereby request that the Court set aside the clerk's entry of default entered against Alfia Jivan and Liberty on June 17, 2020.

Defendants AliRaza Jivan ("AliRaza Jivan") and DCM, Inc., ("DCM" [Alfia Jivan, Liberty, AliRaza Jivan and DCM will hereinafter be collectively referred to as "Defendants"]) by this motion under Federal Rule of Civil Procedure 55(c) hereby request that the Court set aside the clerk's entry of default entered against DCM on July 21, 2020, and the entry of default entered against AliRaza Jivan on July 21, 2020.

Absent setting aside the Clerk's Defaults, Defendants are exposed to potentially significant financial loss well over $475,197.80, excluding attorneys' fees and costs. (ECF No. 15.)

### II. PROCEDURAL BACKGROUND

On May 12, 2020, Plaintiff filed this action. The Complaint asserts four claims: (1) Promissory Fraud, (2) Breach of Written Contract, (3) Breach of Implied Covenant of Good Faith and Fair Dealing, and (4) Violation of Business and Professions Code Section 17200. (ECF No. 1.)

---

[1] For the avoidance of doubt, Special Defendants' limited (i.e., special) appearance at this time is limited to challenging the Clerk's entry of default. Special Defendants' special appearance for this purpose is not intended to waive any rights or protections available to Special Defendants, including the right to raise defenses and arguments by motion or in responsive pleadings. *See Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc.*, No. CV16-04502-BRO(MRWx), 2016 WL 7479373, at *4-5 (C.D. Cal. Sept. 8, 2016) (finding defendant had not waived its right later to bring a Rule 12(b)(5) motion because "in its Motion to Set Aside Default Defendant CHY explicitly stated that it intended to assert the defense of insufficient service of process"). Once the Court vacates the entry of default, Special Defendants intend promptly to move for dismissal under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6). As such, this Motion is brought without prejudice to those rights.

LA:2204.1207 - 1 -
/CASE NO. 1:20-CV-00673-DAD-JLT
DEFENDANTS DCM, INC., AND ALIRAZA JIVAN AND SPECIALLY APPEARING DEFENDANTS LIBERTY NOVELTY, INC., AND ALFIA JIVAN'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT

ROSTOW & AUSTER LLP
ATTORNEYS AT LAW
LOS ANGELES

Among other allegations, the Complaint avers that Alfia Jivan is "an individual residing in Washington County, Maryland, and doing business in Kern County, California," (Complaint ¶10) and that Liberty is "a Maryland corporation with its principal place of business in Washington County, Maryland, and doing business in Kern County, California (*Id.* ¶8). In-fact, Alfia Jivan is a resident of Maryland and has never resided, worked or conducted business in the State of California. (Complaint ¶ 10; Alfia Decl. ¶ 3.) Liberty is a Maryland corporation and has not conducted any business in the State of California. (Complaint ¶8; Alfia Decl. ¶ 4.) The Special Defendants expressly reserve their rights to move for dismissal under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6).

On June 16, 2020, Plaintiff filed a Request for Entry of Default of Defendants Alfia Jivan, DCM and Liberty. (ECF Nos. 8, 9, 10.) On July 21, 2020, Plaintiff filed a Request for Entry of Default of Defendant AliRaza Jivan. (ECF No. 12.)

The accompanying declaration by Plaintiff's counsel, Benson L. Lau, Esq., indicates that Alfia Jivan was served by personal service on May 20, 2020 (ECF No. 8 ¶ 2) and that she was served, contemporaneously, as agent of DCM pursuant to California Code of Civil Procedure section 416.10(a). (ECF No. 9 ¶ 2, Ex. A.) The Lau Declaration also states that AliRaza Jivan was served by substituted service upon Alfia Jivan on May 20, 2020. Plaintiff, however, apparently waited until June 16, 2020 to mail a copy of the summons and complaint in satisfaction of California Code of Civil Procedure 415.20(a)(b) (ECF No. 12 ¶¶ 2, 3.) Liberty was served pursuant to California Code of Civil Procedure section 416.10(a) by service upon its registered agent in Nevada (ECF No. 10 ¶ 2, Ex. A.)

On June 17, 2020, the Clerk entered the defaults of Defendants Alfia Jivan, DCM and Liberty Novelty (ECF No. 11). Thereafter, on July 21, 2020, the Clerk entered the default of Defendant AliRaza Jivan (ECF No. 13).

On July 22, 2020, the Court ordered that Plaintiff shall "file a motion(s) for

LA:2204.1207
- 2 -
/CASE NO. 1:20-CV-00673-DAD-JLT
DEFENDANTS DCM, INC., AND ALIRAZA JIVAN AND SPECIALLY APPEARING DEFENDANTS LIBERTY NOVELTY, INC., AND ALFIA JIVAN'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT

ROSTOW & AUSTER LLP
ATTORNEYS AT LAW
LOS ANGELES

default judgment" by August 31, 2020. (ECF No. 14.)

On August 3, 2020, Plaintiff filed its Motion for Entry of Clerk's Default Judgment against DCM. (ECF No. 15.)

### III. STATEMENT OF FACTS

#### A. Background

Liberty is a manufacture and distributor of supplements and tobacco accessories. DCM is in the business of purchasing Hemp for resale. Alfia Jivan is the President of both Liberty and DCM and handles the financial operations of Liberty in Maryland. AliRaza Jivan is Alfia Jivan's husband, the Chief Executive Officer of Liberty and DCM and is responsible for the day-to-day operations of both Liberty and DCM. (Alfia Jivan Decl. ¶¶ 5, 6, 7.) (AliRaza Jivan Decl. ¶¶ 3, 4, 5.)

Pre-Covid-19, Liberty employed approximately 41 employees and DCM employed approximately 26 employees. When Maryland and Nevada's shutdown orders went into effect, Liberty and DCM were forced to reduce their workforce and requested that certain of their non-essential employees work from home. As such, the employees who regularly received, sorted and scanned Liberty and DCM's notices and mail were no longer working at Liberty and DCM's offices and thus unable to perform their tasks. Accordingly, all of the notices and mail that were received by Alfia Jivan and Liberty where placed in AliRaza Jivan's home office for his review and response upon his return from Nevada. Notices and mail to DCM were left unopened until one of its employees had the time to open, sort, scan and forward the mail to AliRaza Jivan for his review and response. This was Defendants' custom and practice after the Covid-19 shut down orders went into affect as Liberty and DCM simply did not have the staff to open, scan and forward all incoming mail to AliRaza Jivan on a regular schedule. Liberty and DCM were simply trying to make sure they survived and were able to meet their payroll obligations. (Alfia Jivan Decl. ¶ 8.) (AliRaza Jivan Decl. ¶ 6.)

LA:2204.1207 - 3 -
/CASE NO. 1:20-CV-00673-DAD-JLT
DEFENDANTS DCM, INC., AND ALIRAZA JIVAN AND SPECIALLY APPEARING DEFENDANTS LIBERTY NOVELTY, INC., AND ALFIA JIVAN'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT

ROSTOW & AUSTER LLP
ATTORNEYS AT LAW
LOS ANGELES

### B. Plaintiff's Defective Service of Process

Despite the representations in the Lau Declaration, Alfia Jivan was not served individually or on behalf of Liberty or AliRaza Jivan. Plaintiff's process server served Alfia Jivan and AliRaza Jivan's son who is a 15-year-old minor. (Alfia Jivan Decl. ¶¶ 9, 10, 11.) (AJ Decl. ¶¶ 2, 3, 4.)[2] (Alejandra Duran Decl. ¶¶ 3, 4, 5, 6.) AJ, not knowing the importance of the documents, placed the documents alongside the other documents in his father's home office for his father's review upon AliRaza Jivan's return to Maryland from Las Vegas, Nevada. (Alfia Jivan Decl. ¶ 12.) (AJ Decl. ¶¶ 2, 3, 4.)

When Alfia Jivan returned home from work later that evening, AJ informed his mother that a man had come to the front door and hand delivered documents to him. AJ showed his mom where he had placed the documents in his father's home office. (Alfia Jivan Decl. ¶ 12.) Not knowing the importance of the documents, Alfia Jivan did not review the documents, take any action on them or forward them to AliRaza Jivan for review and/or a response. (Alfia Jivan Decl. ¶ 13.) (AliRaza Jivan Decl. ¶¶ 7, 14.) Alfia Jivan not having been a party in any lawsuit before did not know the importance of the summons and complaint nor was she aware that she and Defendants had to respond to the Complaint within a certain amount of time. Alfia Jivan simply believed that these documents were additional demand letters from Plaintiff. (Alfia Jivan Decl. ¶¶ 12, 13.)

Adding to Defendants' confusion was that prior to the instigation of this lawsuit, Plaintiff had mailed at least four copies of its demand letter, that included a copy of Plaintiff's proposed complaint, to Defendants at both Alfia Jivan and AliRaza Jivan's residence in Maryland, Liberty and DCM's registered agent. Upon receiving Plaintiff's demand letters, Alfia Jivan, as was her custom and practice,

---

[2] In compliance with Fed. R. Civ. P. 5.2 and Local Rule 140, Alfia Jivan and AliRaza Jivan's minor son will only be identified only by his initials "AJ" in order to protect his identity. If necessary, AJ can testify at the hearing on Defendants' Motion.

placed the document in AliRaza Jivan's home office awaiting his review upon his return home from Nevada. (Alfia Jivan Decl. ¶ 13.)

AJ had taken the documents he was handed on May 20, 2020 and placed them in the same stack of documents in AliRaza Jivan's home office as those containing the demand letters that Alfia Jivan had received. (AJ Decl. ¶¶ 2, 3.)

Unfortunately, although a copy of Plaintiff's pre-litigation demand letter was unknowingly received by DCM's registered agent, the electronic mail ("email") from DCM's registered agent giving notice to AliRaza Jivan was apparently inadvertently directed to AliRaza Jivan's "spam" mailbox by his email program's "spam-filtering" software as AliRaza Jivan never received this notice. The same is true of the notice of service of process of the Complaint from DCM's registered agent. The registered agent's email notice was also apparently misdirected to AliRaza Jivan's "spam" mailbox by his "spam-filtering" software. As DCM's registered agent was hired within the 2019 year, apparently AliRaza Jivan's "spam-filtering" software misdirected emails from DCM's registered agent to AliRaza Jivan's "spam" mailbox. (AliRaza Jivan Decl. ¶¶ 8, 9.)

Further, given the reduction of employees working for DCM and Liberty post-Covid-19, the employees that would have potentially rechecked AliRaza Jivan's spam folder were not working and thus not able to detect the notices from DCM's registered agent. (AliRaza Jivan Decl. ¶ 8.)

It should be noted that although Plaintiff was in communication with AliRaza Jivan, Plaintiff never informed Defendants, and specifically AliRaza Jivan, that Plaintiff has filed this lawsuit.

### C. Plaintiff's Counsel Registered Defendant AliRaza Jivan with This Court's CM/ECF

As it turns out, Plaintiff's counsel, Benson K. Lau, Esq., registered AliRaza Jivan's email with this Court's CM/ECF service without AliRaza Jivan's knowledge. (Gharakhani Decl. ¶ 11.) (AliRaza Jivan Decl. ¶ 10.) Plaintiff's

LA:2204.1207 - 5 -
/CASE NO. 1:20-CV-00673-DAD-JLT
DEFENDANTS DCM, INC., AND ALIRAZA JIVAN AND SPECIALLY APPEARING DEFENDANTS LIBERTY NOVELTY, INC., AND ALFIA JIVAN'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT

ROSTOW & AUSTER LLP
ATTORNEYS AT LAW
LOS ANGELES

counsel, however, had not notified AliRaza Jivan that he should expect to receive legal notices from the court's ECM service or that Plaintiff had instigated this lawsuit. (*Id.* ¶ 10.)

Given the lack of notice, the first time Defendants became aware of the pendency of this lawsuit was when AliRaza Jivan was filtering through his spam mailbox on Sunday, July 26, 2020, and saw this Court's CM/ECF message informing him of the Clerk's July 21, 2020 Entry of Default (ECF No. 13). (Alfia Jivan Decl. ¶ 14.) (AliRaza Jivan Decl. ¶¶ 11, 13.) As Defendants were not represented by counsel at the time of service, that very same day, AliRaza Jivan started the process for searching for legal counsel to represent him, his wife and their two companies. By July 29, 2020, three days later, AliRaza Jivan had retained counsel for all Defendants. (AliRaza Jivan Decl. ¶¶ 12, 13.)

### D. Defendants Acted Diligently Upon Learning of This Litigation

As explained above, Plaintiff's methods to "serve" Defendants with the filing of this litigation included (1) service on Alfia Jivan and AliRaza Jivan's 15-year-old son, and (2) serving the Liberty's agent for service of process. (Alfia Jivan Decl. ¶ 12.) (AJ Decl. ¶ 2.) Unfortunately, as described above, Defendants did not receive notice of this litigation through either of these methods. (Alfia Jivan Decl. ¶¶ 11, 13, 14.) (AliRaza Jivan Decl. ¶¶ 7, 14.)

On July 29, 2020, at 9:19 a.m., three days after discovering that his default had been entered, Defendants' counsel wrote a letter to Plaintiff's counsel and requested that Plaintiff stipulate to set aside Defendants' defaults. Plaintiff's counsel did not respond. (Gharakhani Decl. ¶¶ 2, 7.)

Not having received a response to Defendants' July 29, 2020 letter, Defendants' counsel called Plaintiff's counsel on Monday, August 3, 2020, hoping to speak with him. Unable to reach Plaintiff's counsel directly, Defendants' counsel left Plaintiff's counsel a voice-mail message at approximately 4:50 p.m.

LA:2204.1207 - 6 -
ROSTOW & AUSTER LLP
ATTORNEYS AT LAW
LOS ANGELES
/CASE NO. 1:20-CV-00673-DAD-JLT
DEFENDANTS DCM, INC., AND ALIRAZA JIVAN AND SPECIALLY APPEARING DEFENDANTS LIBERTY NOVELTY, INC., AND ALFIA JIVAN'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT

Approximately 20 minutes later, Plaintiff's counsel wrote to Defendants' counsel informing him that Plaintiff would not stipulate to set aside Defendants' defaults and enclosed a copy of Plaintiff's Motion for Entry of Clerk's Default Judgment against DCM that Plaintiff had filed that very day. (Gharakhani Decl. ¶¶ 8, 9.)

Plaintiff waited until after it had prepared and filed its Motion for Entry of Clerk's Default Judgment to notify Defendants that Plaintiff would not stipulate to set aside Defendants' defaults. (Gharakhani Decl. ¶ 9.)

### E. Defendants Tried Repeatedly to Resolve This Matter Without This Court's Intervention

As stated above, on July 29, 2020, counsel for Defendants wrote his first letter to Plaintiff's counsel asking if Plaintiff would stipulate to set aside the entry default against Defendants. (Gharakhani Dec. ¶ 7, Ex. 1.) Thereafter, on August 4, 2020, Defendants' counsel again wrote to Plaintiff's counsel seeking to meet and confer on the issues. (Gharakhani Dec. ¶ 10, Ex. 2.)  In a subsequent telephone discussion that same day, Plaintiff's counsel refused to stipulate to set aside Defendants' defaults. (Gharakhani Dec.¶ 10.)

Not giving up, Defendants continued their meet and confer efforts and the parties exchanged lengthy emails on the subject as recently as August 11, 2020. Unfortunately, Defendants' efforts to resolve this issue informally proved to be of no avail and thus Defendants had no other option but to file this instant Motion on August 12, 2020. (Gharakhani Dec.¶ 12, Ex. 3.)

### IV. LEGAL STANDARD

Rule 55(c) of the Federal Rules of Civil Procedure authorizes courts to "set aside an entry of default for good cause[.]" Fed R. Civ. P. 55(c). To determine good cause, a court considers "'three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would

LA:2204.1207 - 7 -
/CASE NO. 1:20-CV-00673-DAD-JLT
DEFENDANTS DCM, INC., AND ALIRAZA JIVAN AND SPECIALLY APPEARING DEFENDANTS LIBERTY NOVELTY, INC., AND ALFIA JIVAN'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT

ROSTOW & AUSTER LLP
ATTORNEYS AT LAW
LOS ANGELES

prejudice' the other party."[3] *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citation omitted). "[H]owever, 'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Id.* The Ninth Circuit's "rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." *Id.* at 1089. Absent "extreme circumstances," judgment by default is inappropriate. *Id.* at 1091-92.

## V.   ARGUMENT

Each of the relevant factors weighs in favor of this Court setting aside the entry of defaults: The defaults were not willful. Defendants have meritorious defenses. Finally, setting aside the entry of default will not cause Plaintiff ***any*** prejudice.

### A.   Defendants' Default Was Not Willful or Culpable

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Mesle*, 615 F.3d at 1092. Here, Plaintiff's service upon the Jivan's minor son coupled with Alfia Jivan's confusion in believing the documents were simply additional demand letters and her inexperience with legal proceedings, lead to Defendants' failure to timely appear in this action. (Alfia Jivan Decl. ¶¶ 9, 10, 12,13, 14.) Additionally, as detailed above, service on DCM's registered agent also failed to provide Defendants with notice. (AliRaza Jivan Decl. ¶ 8, 14.)

Understandably, Defendants did not learn of this lawsuit from either of these methods. Indeed, AliRaza Jivan did not learn of the lawsuit until July 26, 2020, after the June 17, 2020 and July 21, 2020 entry of defaults. Thus, Defendants'

---

[3] "[T]he same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), [but] the test is more liberally applied in the Rule 55(c) context" because "there is no interest in the finality of the judgment" when merely lifting the entry of default, as here. *Mesle*, 615 F.3d at 1091 n.1.

LA:2204.1207 - 8 -
/CASE NO. 1:20-CV-00673-DAD-JLT
DEFENDANTS DCM, INC., AND ALIRAZA JIVAN AND SPECIALLY APPEARING DEFENDANTS LIBERTY NOVELTY, INC., AND ALFIA JIVAN'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT

ROSTOW & AUSTER LLP
ATTORNEYS AT LAW
LOS ANGELES

failure to respond to the complaint prior to the entry of default "was for an understandable reason and does not appear to have been for an improper purpose or to gain an advantage in the litigation[.]" *Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc.*, No. CV-16-04502 BRO(MRWx), 2016 WL 7479368, at *3 (C.D. Cal. Aug. 10, 2016).

Defendants' conduct in failing to answer the Complaint was not culpable within the meaning of Rule 55(c). "Culpable" conduct for purposes of Rule 55(c) is conduct motivated by bad faith for the purpose of gaining some advantage in the litigation, such as by avoiding liability by staying out of court or by actively avoiding service to thwart the lawsuit. *Mesle*, 615 F.3d at 1093-94. Here, Defendants had nothing to gain by failing to respond to Plaintiff's Complaint except what they received: an entry of default and, potentially, default judgment against DCM. Defendants had every reason to respond to the Complaint in order to avoid having their defaults taken and, thereafter, hoping that their defaults would be set aside. There could have been no "intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *Id.* at 1092.

Further, Defendants' conduct was not "devious, deliberate, willful, [or in] bad faith" (Id.); the worst that can be said of Defendants' conduct is that it was careless and negligent. This is not a case involving intentional, strategic obstruction of the legal process; this is a case of a improper service, misunderstanding of the significance of documents (Alfia Jivan Decl., ¶¶ 9, 10, 12,13, 14) and missed emails (AliRaza Jivan Decl., ¶¶ 7, 8, 14). Such ordinary carelessness, while not praiseworthy, is not "culpable" within the meaning of Rule 55(c). *Mesle*, 615 F.3d at 1092-93. ("[I]t is clear that simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default."); see also *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225

ROSTOW & AUSTER LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:2204.1207
- 9 -
/CASE NO. 1:20-CV-00673-DAD-JLT
DEFENDANTS DCM, INC., AND ALIRAZA JIVAN AND SPECIALLY APPEARING DEFENDANTS LIBERTY NOVELTY, INC., AND ALFIA JIVAN'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT

(9th Cir. 2000) (default should be set aside where "[defendant's] errors resulted from negligence and carelessness, not from deviousness or willfulness"). Therefore, this factor weighs in favor of setting aside the entry of default.

Defaults are generally disfavored and the Ninth Circuit has narrowly defined conduct that will qualify as culpable. In *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), the Ninth Circuit relied heavily on the Supreme Court's broad definition of excusable neglect in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993) to find that conduct is not culpable even where a defendant had received a pleading, read and understood it, and took no steps to meet the deadline for filing a responsive pleading, Id. at 697. The court explained that to amount to being culpable, a defendant's conduct must be " 'willful, deliberate, or eviden[t] of bad faith.' " *Id*. (quoting *American Alliance Inc. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)).

"Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not intentional under our default cases, and is therefore not culpable or inexcusable." *TCI Group*, supra, 244 F.3d at 698. Defendants' conduct was not culpable under this standard because they did not intend to delay or interfere with this action in bad-faith, nor did they attempt a tactical advantage over Plaintiff.

Whether Alfia Jivan, AliRaza Jivan and Liberty are ultimately correct or incorrect with respect to the adequacy of Plaintiff's attempted service upon them is not the relevant question on this Motion. That issue can properly be determined after default is lifted, when Defendants move to dismiss for failure to effect service (and for lack of personal jurisdiction). Instead, the only question is whether Defendants received actual notice of the litigation through the attempted service; it is undisputed that they did not, and therefore they could not possibly have responded prior to the entry of default. "[A] party's failure to file on time for

LA:2204.1207
- 10 -
/CASE NO. 1:20-CV-00673-DAD-JLT
DEFENDANTS DCM, INC., AND ALIRAZA JIVAN AND SPECIALLY APPEARING DEFENDANTS LIBERTY NOVELTY, INC., AND ALFIA JIVAN'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT

ROSTOW & AUSTER LLP
ATTORNEYS AT LAW
LOS ANGELES

reasons beyond his or her control is not considered to constitute 'neglect.'" *McCarran v. Fed. Ins. Co.*, No. SACV 07-685-AG(RNBx), 2007 WL 9662398, at *2 (C.D. Cal. Aug. 8, 2007) (citation omitted) (granting motion to vacate entry of default where defendant stated he did not receive actual notice of the action until after default was entered).

*Schwab v. Bullock's Inc.*, 508 F.2d 353 (9th Cir. 1974) is directly on point. There, the Ninth Circuit reversed a denial of a defendant's motion under the more stringent Rule 60(b) standard to vacate a default judgment. In that case, the plaintiff "made one effort to serve the [] complaint personally on" the defendant. *Id*. at 354. When that effort failed, further efforts to locate or serve the defendant personally were abandoned and plaintiff instead purported to effect service through service on the Secretary of State. *Id*. Notice was mailed to the defendant's address on record with the Secretary of State but was returned undelivered, as the company had moved and not updated the Secretary's records. *Id*. In moving to vacate the entry of a default judgment, the defendant filed affidavits denying knowledge of the pendency of the action. *Id*. The Ninth Circuit found that, even though the defendant was "responsible for the fact that it did not have actual notice of the litigation pending against it, because [it] failed to notify the Secretary of State about its change of address[,]", "this negligence cannot be deemed 'inexcusable' within the meaning of Rule 60(b)." *Id*. at 356. The Court held that "substantial justice would not be done" by entering a default judgment for an act that occurred "sixteen years earlier, unconnected in any way with an attempt to evade judicial process." *Id*.

As in *Schwab*, because Defendants did not have actual notice of the litigation prior to the entry of default, the Court should find that they are not culpable.

### B.     Defendants Have Meritorious Defenses

Defendants burden here is "minimal." *Mesle*, 615 F.3d at 1094. They must only "allege[] sufficient facts to support the possibility of at least one meritorious defense." *Twin Rivers Eng'g*, 2016 WL 7479368, at *4. "All that is necessary to

LA:2204.1207
- 11 -
/CASE NO. 1:20-CV-00673-DAD-JLT
DEFENDANTS DCM, INC., AND ALIRAZA JIVAN AND SPECIALLY APPEARING DEFENDANTS LIBERTY NOVELTY, INC., AND ALFIA JIVAN'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT

ROSTOW & AUSTER LLP
ATTORNEYS AT LAW
LOS ANGELES

satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094. "[T]he question whether the factual allegation is true" is not to be determined by this Court in deciding whether to set aside the default judgment. *Id*. (quoting in part *TCI Group*, supra, 244 F.3d at 701). A defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds* v. Stone, 794 F.2d 508, 513 (9th Cir. 2001).

Although Defendants have numerous meritorious defenses[4], the first and foremost defense that they will assert upon vacating of the default is lack of personal jurisdiction over the Special Defendants and failure to state a cause of action predicated upon lack of nexus between Defendants AliRaza Jivan, Alfia Jivan and Liberty and the contract.[5] (Alfia Jivan Decl. ¶¶ 3, 4, 9, 16.) (AliRaza Jivan Decl. ¶ 3.) (Gharakhani Dec.¶ ¶ 14-23.)

A cursory review of the contract reveals that the contract is only between Plaintiff and DCM. (ECF No. 1, Ex1.) Alfia Jivan's only connection to the contract is that she signed the contract on behalf of DCM in her capacity as its President. The connection between Plaintiff and AliRaza Jivan and Liberty is even more tenuous as they are nowhere named in the contract. Despite the apparent lack of connection with the contract, Plaintiff has named each Defendant as a party to each of its four claims. Accordingly, Defendants will file the appropriate motion to dismiss Plaintiff's claims. (Alfia Jivan Decl. ¶¶ 3, 4, 9, 16.) (AliRaza Jivan Decl. ¶ 16.) (Gharakhani Dec.¶ ¶ 15-23.)

---

[4] Defendants set forth this argument as narrowly as possible solely to meet their burden under Rule 55(c); Defendants do not here challenge service of process and expressly reserves the right to assert that and other defenses at the appropriate time.

[5] As stated above, Special Defendants reserve the right to move for dismissal on numerous grounds, including under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6), as appropriate.

LA:2204.1207                                                                        - 12 -
/CASE NO. 1:20-CV-00673-DAD-JLT
DEFENDANTS DCM, INC., AND ALIRAZA JIVAN AND SPECIALLY APPEARING DEFENDANTS LIBERTY NOVELTY, INC., AND ALFIA JIVAN'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT

ROSTOW & AUSTER LLP
ATTORNEYS AT LAW
LOS ANGELES

Additionally, the Economic Loss Rule precludes Plaintiff's Promissory Fraud claim. Specifically, Plaintiff is attempting to covert a garden variety breach of written contract case into a tort action by asserting a claim for promissory fraud predicated upon the same set of facts as Plaintiff's contractual claims. As such, the Economic Loss Rule precludes Plaintiff from raising these breach of contract allegations as tort claims. (Gharakhani Dec.¶ ¶ 16-23.)

Finally, DCM also has meritorious defenses against Plaintiff's claims on the grounds that DCM performed all of its obligations under the terms of the contract with Plaintiff, except those that were excused. Furthermore, the contract's terms, including but not limited to the force majeure clause, as well as, DCM's rights of rejection of the goods bars Plaintiff's claims in their entirety. Finally, Plaintiff breached the terms of the contract by not performing pursuant to its terms and, specifically, failing to produce the product as required by the contract. (Alfia Jivan Decl. ¶ 16.) (AliRaza Jivan Decl. ¶ 16.) (Gharakhani Dec.¶ ¶ 14-16.)

### C. Setting Aside the Defaults Will Not Prejudice Plaintiff

Plaintiff will not suffer any prejudice if the Court sets aside the entry of default. "[B]eing forced to litigate on the merits cannot be considered prejudicial ...." *Twin Rivers Eng'g*, 2016 WL 7479368, at *4 (citation omitted). Further, prejudice requires "greater harm than simply delaying resolution of the case. Rather, the standard is whether plaintiff's ability to pursue his claim will be hindered." *Id*. Thus, the issue is "whether the delay caused by the default may 'result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion.'" *Alpert v. Screen Actors Guild, Inc.*, No. CV 04-10059 SVW (CWx), 2005 WL 8154961, at *3 (C.D. Cal. Feb. 9, 2005) (citing *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)).

"There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case." *Lacy v. Sitel*

LA:2204.1207
- 13 -
/CASE NO. 1:20-CV-00673-DAD-JLT
DEFENDANTS DCM, INC., AND ALIRAZA JIVAN AND SPECIALLY APPEARING DEFENDANTS LIBERTY NOVELTY, INC., AND ALFIA JIVAN'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT

ROSTOW & AUSTER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Corp.,* 227 F3d 290, 293 (5th Cir. 2000) (internal quotes omitted).

Plaintiff obtained its defaults against Alfia Jivan, Liberty and DCM on June 17, 2020 and the default against AliRaza Jivan approximately three weeks ago on July 21, 2020. Accordingly, there is no credible argument that setting aside the default creates any added risk of increased discovery difficulties or lost evidence. As in *Alpert*, the only effect on Plaintiff here, if the Court sets aside the defaults, is to require Plaintiff to litigate its case and prove it is entitled to the $475,197.80, excluding attorneys fees and costs, that Plaintiff seeks in its Motion for Entry of Clerk's Default Judgment against DCM. (ECF No. 15.)

This is entirely consistent with the Court's "policy of favoring judgments on the merits[.]" *Mesle*, 615 F.3d at 1091 (citation omitted).

## VI.  CONCLUSION

For all of the above reasons, Defendants respectfully requests that this Court grant their Motion to Set Aside the Clerk's Entry of Default.

Dated: August 13, 2020                    ROSTOW & AUSTER LLP

By: /s/ Reza I. Gharakhani
REZA I. GHARAKHANI
Attorneys for Defendants
DCM, INC., and ALIRAZA JIVAN and
Specially appearing on behalf of
Defendants LIBERTY NOVELTY, INC.,
and ALFIA JIVAN

LA:2204.1207                                          - 14 -
/CASE NO. 1:20-CV-00673-DAD-JLT
DEFENDANTS DCM, INC., AND ALIRAZA JIVAN AND SPECIALLY APPEARING DEFENDANTS LIBERTY NOVELTY, INC., AND ALFIA JIVAN'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT

ROSTOW & AUSTER LLP
ATTORNEYS AT LAW
LOS ANGELES