1   Adam M. Satnick, California State Bar No. 302326
2   (adam@satnicklau.com)
    Benson K. Lau, California State Bar No. 287429
3   (benson@satnicklau.com)
4   **SATNICK LAU LLP**
    11755 Wilshire Blvd., Suite 1250
5   Los Angeles, CA 90025
    Telephone:   (310) 356-8472
6   Facsimile:    (310) 436-4969

7

8   Attorneys for Plaintiff Full Spectrum IH, LLC

9

10          **THE UNITED STATES DISTRICT COURT FOR THE**

11      **EASTERN DISTRICT OF CALIFORNIA - BAKERSFIELD DIVISION**

12

13  FULL SPECTRUM IH, LLC, a Florida        | Case No.: 1:20-cv-00673-DAD-JLT
    limited liability company;
14                                          | **DECLARATION OF BENSON K.**
15                  Plaintiff,              | **LAU, ESQ. IN SUPPORT OF**
                                            | **PLAINTIFF'S OPPOSITION TO**
16          vs.                             | **DEFENDANTS' MOTION TO SET**
                                            | **ASIDE ENTRY OF DEFAULT**
17
    DCM, INC., a Nevada corporation;        | [Filed concurrently with the Opposition to
18  LIBERTY NOVELTY, INC., a Maryland       | Defendants' Motion to Set Aside Entry of
    corporation; ALIRAZA JIVAN, an          | Default, Declaration of Michael Lagnese, Request
19  individual; ALFIA JIVAN, an individual; | for Judicial Notice, Evidentiary Objections to
    and DOES 1 through 10, inclusive,       | Declaration of Reza I. Gharakhani, Esq.,
20                                          | Evidentiary Objections to Declaration of Aliraza
                                            | Jivan, Evidentiary Objections to Declaration of
21                                          | Alfia Jivan, Evidentiary Objections to Declaration
                                            | of Alejandra Duran, and Evidentiary Objections
22                  Defendants.            | to Declaration of Minor "AJ"]

23                                          | Hearing:      September 10, 2020; 9:30 a.m.
24                                          | Judge:        Hon. Jennifer L. Thurston
                                            | Location:     United States Courthouse, 510
25                                          | 19th Street, Suite 200,
                                            | Bakersfield, CA 93301
26

27

28

---

1

DECLARATION OF BENSON K. LAU, ESQ.

SATNICK LAU LLP
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

I, Benson K. Lau, Esq., hereby declare as follows:

1.      I am attorney duly admitted to practice before this Court. I am a partner of Satnick Lau, LLP, attorneys of record for Plaintiff FULL SPECTRUM IH, LLC ("Plaintiff"). The following facts are within my personal knowledge or, where stated on information and  belief, on information that I believe to be true and correct. If called upon as a witness in this matter, I could and would testify competently thereto.

2.      On April 24, 2020, I prepared a pre-litigation demand letter on behalf of Plaintiff (the "Demand"). The Demand attached a copy of the Complaint and informed Defendants that "If we do not settle this matter informally by the close of business, Friday, May 1, 2020, we will file and serve the Complaint the week beginning Monday, May 4." Attached hereto as Exhibit "**A**" is a true and correct copy of my Demand.

3.      I served the Demand upon each Defendant via U.S. Certified Mail, Return Receipt requested as follows:

        a.      With respect to Liberty Novelty, a copy of the Demand was mailed to its registered agent for service of process, Alfia Jivan, at its registered address of "10940 Sassan Lane, Hagerstown, MD 21742" (the "Jivan Residence"). The return receipt for the Demand sent to the Jivan Residence was returned with the notation "SC Covid 19 RH8." Attached hereto as Exhibit "**B**" is a true and correct copy of the Return Receipt I received for that mailing.

        b.      However, the United States Postal Service ("USPS") Tracking Information for that mailing from its website reflected that the Demand was "**delivered to an individual at the address at 3:21 p.m. on May 2, 2020.**" Attached hereto as Exhibit "**C**" is a true and correct copy of the USPS Tracking Information I obtained from the USPS website.

        c.      A copy of the Demand also mailed to Liberty Novelty's registered principal office address of "2035 Day Road, Hagerstown, MD 21740." (the "Liberty Office"). The return receipt for the Demand sent to the Liberty Office was returned

Satnick Lau LLP
11755 Wilshire Blvd, Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

Declaration Of Benson K. Lau, Esq.

1  signed by "A. Jivan" and received on May 2, 2020. Attached hereto as Exhibit "**D**" is a

2  true and correct copy of the Return Receipt I received for that mailing.

3        d.      With respect to DCM, a copy of the Demand was mailed to its

4  registered agent for service of process, Corporate Service Company ("CSC"), at its

5  registered address of "5605 Riggins Ct. Suite 200, Reno, NV, 89502." (the "CSC

6  Office"). The return receipt for the Demand sent to the CSC Office was signed by an

7  employee of CSC and was received on April 27, 2020. Attached hereto as Exhibit "**E**"

8  is a true and correct copy of the Return Receipt I received for that mailing.

9        e.      A copy of the Demand was also mailed to DCM's registered

10  principal office address of "3401 Sirius Avenue, Suite 32, Las Vegas, NV 89102." (the

11  "DCM Office"). The return receipt for the Demand sent to the DCM Office was

12  returned with the notation "C19" on the signature line. Attached hereto as Exhibit "**F**"

13  is a true and correct copy of the Return Receipt I received for that mailing.

14        f.      However, the USPS Tracking Information from the USPS website

15  for the mailing of the Demand to the DCM Office reflects that the Demand was

16  "delivered to the front desk, reception area, or mail room at 12:00 pm on April 28,

17  2020." Attached hereto as Exhibit "**G**" is a true and correct copy of the USPS Tracking

18  Information I obtained from the USPS website.

19        g.      With respect to Aliraza Jivan and Alfia Jivan (collectively, the

20  "Jivans"), a copy of the Demand was mailed to the Jivan Residence. Strangely, no

21  return receipt was returned to me and the USPS tracking for the return receipt reflects

22  that the return receipt is still "in transit." Attached hereto as Exhibit "**H**" is a true and

23  correct copy of the USPS Tracking Information for the return receipt I obtained from

24  the USPS website.

25        h.      However, the USPS Tracking Information from the USPS website

26  for the mailing to the Jivan Residence reflects that the Demand was "delivered to an

27  individual at the address at 3:21 pm on May 2, 2020." Attached hereto as Exhibit "**I**" is

28  a true and correct copy of the USPS Tracking Information for that mailing I obtained

SATNICK LAU LLP
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

DECLARATION OF BENSON K. LAU, ESQ.

1  from the USPS website.

2      4.      On May 12, 2020, after receiving no response from Defendants to my

3  Demand, I filed the within Complaint. At the time of filing, I registered Mr. Jivan's e-

4  mail address of "arhjivan@libertynovelty.com" with the Court's CM/ECF service to

5  ensure that Mr. Jivan would receive electronic notifications relating to this action from

6  the Court.

7      5.      On May 19, 2020, I engaged LPS Process Service ("LPS") to effectuate

8  service of the Summons and Complaint on Defendants. Due to the peculiar nature of

9  the return receipts I received from my prior mailings to the Jivan Residence and

10  DCM's Office, I asked LPS to perform a skip trace to ascertain and confirm the Jivans'

11  current address prior to service of the Summons and Complaint.

12      6.      That same day, I received the results of LPS's skip trace which identified

13  the "most current addresses for Alfia Jivan to be: (1) 10940 Sassan Ln, Hagerstown,

14  MD 21742; (2) 2035 Day Rd., Hagerstown, MD 21740; (3) 12505 Eagle View Way,

15  Germantown, MD 20876" and that Mrs. Jivan held two motor vehicle registrations

16  with the address: "10940 Sassan Ln, Hagerstown, MD 21742." Accordingly, I asked

17  LPS to attempt service upon the Jivans, and Liberty Novelty (by and through its

18  registered agent, Mrs. Jivan) at the 10940 Sassan Ln, Hagerstown, MD 21742 address.

19      7.      With respect to DCM, I instructed LPS to serve DCM through its

20  registered agent, CSC.

21      8.      On May 20, 2020, I received confirmation from LPS that Liberty Novelty

22  and Mrs. Jivan were personally served with the Summons and Complaint at the Jivan

23  Residence by LPS. I also received confirmation from LPS that Mr. Jivan was served

24  with the Summons and Complaint via substituted service through Mrs. Jivan at the

25  Jivan Residence that same day.

26      9.      On May 22, 2020, I received confirmation from LPS that DCM was

27  personally served with the Summons and Complaint through its registered agent, CSC.

28      10.      Upon receipt of the Proofs of Service for each Defendant from LPS, I

SATNICK LAU LLP
11755 Wilshire Blvd, Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

4

filed them with the Court. (**ECF Docket Nos. 4 through 7.**)

11.     After no response was received from Defendants, I filed Plaintiff's Requests for Entry of Default as to Mrs. Jivan, Liberty Novelty, and DCM on June 16, 2020. (**ECF Docket Nos. 8, 9, and 10.**) On June 17, 2020, the Clerk entered their defaults. (**ECF Docket No. 11.**)

12.     In the course of preparing the these Requests for Entry of Default, IU realized that copies of the Summons and Complaint had not been mailed to Mr. Jivan following his substituted service. Consequently, on June 16, 2020, I mailed Mr. Jivan a copy of the Summon and Complaint.

13.     Mr. Jivan suffered no prejudice from the delayed mailing and instead was afforded an additional thirty days up to and including July 17, 2020 in which to appear and/or respond to the Complaint. Mr. Jivan still failed to appear or respond. Accordingly, on July 21, 2020 – 5 days after Mr. Jivan's deadline to appear or respond had passed – I filed Plaintiff's Request for Entry of Default as to Mr. Jivan. (**ECF Docket No. 12.**) The Clerk entered Mr. Jivan's default that same day. (**ECF Docket No. 13.**)

14.     On July 22, 2020, the Court issued a Minute Order in light of the default of all Defendants which vacated all hearing dates and ordered Plaintiff to file motion(s) for default judgment. (the "Minute Order") (**ECF Docket No. 14.**) Pursuant to the Court's Minute Order, I immediately began preparing motions for entry of default judgment against Defendants.

15.     One week later, on July 29, 2020, I received a letter from Reza Gharakhani, Esq. Mr. Gharakhani's letter informed me that his office had been retained to represent Defendants in this action and asked Plaintiff to stipulate to set aside the defaults entered against his clients. Mr. Gharakani's letter did not provide any grounds for Defendants' failure to appear or timely respond to the Complaint.

16.     At this time, Plaintiff has incurred attorneys' fees and costs in connection with my preparation of the motions for entry of default judgment against Defendants

Declaration Of Benson K. Lau, Esq.

1    pursuant to the Court's Minute Order. As such, I did not respond to Mr. Gharakhani's

2    request and continued working on Plaintiff's motions.

3        17.    On August 3, 2020, I filed Plaintiff's Motion for Entry of a Clerk's

4    Default Judgment Against DCM, Inc. in a Sum Certain Pursuant to Federal Rules of

5    Civil Procedure ("FRCP") Rule 55(b)(1) (the "Application"). That same day, I

6    responded to Mr. Gharakhani's e-mail informing him that Plaintiff would not agree to

7    stipulate and provided him with the basis for my refusal. I also attached a copy of the

8    Application to my letter. Attached hereto as Exhibit "**J**" is a true and correct copy of

9    my August 3, 2020 letter to Mr. Gharakhani.

10       18.    On August 4, 2020, I received a response to my August 3, 2020 letter

11   from Mr. Gharakhani in which he asked if Plaintiff would be willing to "meet and

12   confer" on the issue of Defendants' default prior to Defendants' filing of the within

13   Motion. I called Mr. Gharakhani that same day to meet and confer with him as

14   requested.

15       19.    During my call with Mr. Gharakhani, I learned from Mr. Gharakhani, for

16   the first time, that the reason for Defendants' failure to timely appear or respond to the

17   Complaint was because the Summons and Complaint was purportedly served on the

18   Jivans' 15-year old son and not Mrs. Jivan – contrary to the Affidavits of Service from

19   my process server. (**ECF Docket Nos. 4, 5, and 6.**)

20       20.    On August 7, 2020, I contacted LPS based on Mr. Gharakhani's

21   representations and confirmed that Mrs. Jivan was in-fact served personally on May 20,

22   2020. That same day, I sent an e-mail to Mr. Gharakhani to inform him that although

23   the Jivans' minor son answered the door, he went inside to get Mrs. Jivan who then

24   accepted service. I also informed Mr. Gharakhani that I would provide a supplemental

25   affidavit re: service of process from LPS and that I would provide Mr. Gharakhani with

26   a copy of the same once I receive it.

27       21.    Later that day, Mr. Gharakhani responded to my e-mail by challenging the

28   credibility of my process server. I responded to Mr. Gharakhani's e-mail by noting that

**SATNICK LAU LLP**
11755 Wilshire Blvd, Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

6

1  I found it highly incredulous that my process server – who has no vested interest in this

2  action – would submit false affidavits of service to me for filing. My e-mail also

3  attached a copy of the Demand sent on April 24, 2020, the return receipt signed by "A.

4  Jivan" on May 2, 2020 at the Liberty Office, the USPS tracking information for the

5  Demand sent to the Jivan Residence, and the proof of service of summons as to DCM

6  through its registered agent, CSC. Attached hereto as Exhibit "**K**" is a true and correct

7  copy of my August 7, 2020 e-mail to Mr. Gharakhani.

8       22.    On August 10, 2020, I received an e-mail from Mr. Gharakhani in which

9  he implied that "there is additional information which will confirm that [Plaintiff's]

10  process server did not serve Alfia Jivan." Mr. Gharakhani again asked Plaintiff to

11  stipulate to vacating Defendants' defaults. My office responded to Mr. Gharakhani's e-

12  mail that same day asking him to provide the "additional information" referenced in his

13  e-mail so that we may confront our process server and possibly resolve the issue.

14       23.    Mr. Gharakhani responded to my e-mail stating: "the 15 year old son is

15  credible, **understands the gravity of the situation and willing to testify.**" (emphasis

16  added) However, Mr. Gharakhani refused to provide the "additional evidence"

17  referenced in his prior e-mail and informed me that he would share such information

18  with me as soon as I provide my process server's supplemental affidavit "to ensure that

19  [Plaintiff's] process server does not alter his version of events."

20       24.    On August 11, 2020, I received the supplemental affidavit (the

21  "<u>Affidavit</u>") from my process server and provided a copy to Mr. Gharakhani via e-mail

22  as promised. The Affidavit included a physical description of Mrs. Jivan and confirmed

23  that she was in-fact personally served on May 20, 2020. Despite providing the Affidavit

24  to Mr. Gharakhani, I did not receive the "additional evidence" Mr. Gharakhani had

25  promised. I received no further response from Mr. Gharakhani. Attached hereto as

26  Exhibit "**L**" is a true and correct copy of my August 11, 2020 e-mail to Mr. Gharakhani

27  together with my process server's supplemental affidavit (the "<u>Affidavit</u>").

28       25.    On August 13, 2020, Defendants filed the within Motion. (**ECF Docket**

**SATNICK LAU LLP**
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

DECLARATION OF BENSON K. LAU, ESQ.

**No. 16.**) In reviewing Defendants' Motion, I learned for the first time that the "additional evidence" referenced by Mr. Gharakhani was a declaration from a third party, Alejandra Duran, an employee of Liberty, which purports to serve as an alibi witness to attest that Mrs. Jivan was at the Liberty Office at the time of service instead of the Jivan Residence. (**ECF Docket No. 16, Attachment 4.**)

26.     I also learned, for the first time, that Defendants first "became aware of the pendency of this lawsuit" on July 26, 2020 when "Mr. Jivan was filtering through his spam mailbox and saw the Court's CM/ECF notice informing him of the Clerk's July 21, 2020 Entry of Default."

27.     On August 26, 2020, I contacted LPS in preparation for Plaintiff's Opposition and asked LPS if it had any additional information that would help substantiate that Mrs. Jivan was in-fact personally served at the Jivan Residence on May 20, 2020. LPS forwarded me an e-mail it received from its process server immediately after the service on May 20, 2020 at approximately 3:35 p.m. which provided a description of the recipient, Alfia Jivan. The description in the May 20, 2020 e-mail matched the description set forth in the Affidavit, and included a time stamp and GPS Coordinates. Attached hereto as Exhibit "**M**" is a true and correct copy of the August 26, 2020 e-mail that was forwarded to me from LPS.

28.     On August 27, 2020, I obtained Mr. Jivan's criminal record from the State of Florida's Department of Law Enforcement. However, the records did not provide the disposition of the matters identified therein. (RFJN, Ex. C.)

29.     I ran a public records search on LexisNexis to see if I could ascertain the disposition of the criminal matters referenced in the record I received from the State of Florida. Attached hereto as Exhibit "**N**" is a true and correct copy of the search results I've obtained from LexisNexis.

///

///

///

SATNICK LAU LLP
11755 Wilshire Blvd, Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

8

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 27, 2020 at Los Angeles, California.

_____

Benson K. Lau, Esq.

**SATNICK LAU LLP**
11755 Wilshire Blvd, Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

DECLARATION OF BENSON K. LAU, ESQ.

**EXHIBIT A**

# SATNICK | LAU LLP

### COUNSELORS   ADVISORS   ADVOCATES

11755 WILSHIRE BLVD., SUITE 1250
LOS ANGELES, CA 90025
T: (310) 356-8472
F: (310) 436-4969

April 24, 2020

**VIA U.S. CERTIFIED MAIL**

DCM, Inc.
3401 Sirius Avenue, Suite 32
Las Vegas, NV 89102
Attn: Alfia Jivan

DCM, Inc. c/o Corporate Service Center, Inc.
5605 Riggins Ct., Suite 200
Reno, NV 89502
Attn: Registered Agent

Liberty Novelty, Inc.
2035 Day Road
Hagerstown, MD 21740
Attn: Alfia Jivan

Liberty Novelty, Inc. c/o Alfia Jivan
10940 Sassan Lane
Hagerstown, MD 21742

Mr. Aliraza Jivan and Mrs. Alfia Jivan
10940 Sassan Lane
Hagerstown, MD 21742

> **Re:**   ***Final Demand – Full Spectrum IH, LLC/DCM, Inc.***
> ***Industrial Hemp Purchase Agreement***

Dear Mr. and Mrs. Jivan:

We are litigation counsel for Full Spectrum IH, LLC ("Full Spectrum"). On February 18, 2020, our client sent a formal demand for $4400,000.00 to remedy significant and material harm suffered by Full Spectrum arising from your default of the Industrial Hemp Purchase Agreement dated November 7, 2019 (the "Agreement"). Our client did not receive a timely response.

Enclosed herewith is a copy of a draft complaint for (1) promissory fraud, (2) breach of written contract, (3) breach of implied covenant of good faith and fair dealing, and (4) violation of California *Business & Professions Code* § 17200 (collectively, the "Claims") against you and your affiliated companies. If we do not settle this matter informally by the close of business, Friday, May 1, 2020, we will file and serve the complaint the week beginning Monday, May 4.

In light of the foregoing, our client has authorized us to make a final demand to informally resolve this matter. **DEMAND IS HEREBY MADE** that one, some, or all of you, and the affiliated entities, compensate Full Spectrum in the amount of $440,000.00 no later than the close of business, Friday, May 1, 2020. In exchange, our client will execute a full release of all claims arising out of or related to this matter. Please contact our office to arrange payment.

DCM, Inc.
Mr. and Mrs. Jivan
April 24, 2020
Page 2

## LITIGATION PRESERVATION OBLIGATIONS

We anticipate there may be documents and information relating to the Claims that is in your custody or control or in the custody or control of entities with which you are affiliated. The information discussed hereinabove includes, but is not limited to, electronically stored in formation ("ESI") that resides within certain technology infrastructure. ESI is broadly defined in California to mean "information that is stored in an electronic medium." California *Code of Civil Procedure* Section 2016.020(e).

Sources of ESI that must be preserved may include, but are not limited to, electronic documents, email and electronic correspondence, text messages, images and graphics, deleted files, spreadsheets, databases, system usage logs, Internet history and cache files, as well as enterprise user information, such as contact lists and calendars. ESI may exist in places such as network file servers, main frame computers or minicomputers, stand-alone PC's and network workstations, laptops, and even on home computers, Internet email and, application servers, if they were used by employees for business relevant to this dispute. Discoverable ESI may also reside in remote data storage media such as backup tapes, seldom used legacy systems, ready-access archive systems, iPhones, smart phones, iPods, iPads, PDA's, optical disks, flash drives, and other portable ESI storage media.

ACCORDINGLY, DEMAND IS HEREBY MADE THAT YOU TAKE IMMEDIATE STEPS TO IDENTIFY AND PRESERVE ALL DOCUMENTS AND INFORMATION, INCLUDING BOTH PAPER RECORDS AND ALL ESI, IN YOUR CUSTODY OR CONTROL OR IN THE CUSTODY OR CONTROL OF ENTITIES WITH WHICH YOU ARE AFFILIATED, THAT IN ANYWAY RELATE TO THE CLAIMS, INCLUDING, BUT NOT LIMITED TO: (1) all of your business records from January 2019 to the present date relating to Full Spectrum and the Agreement, including, any and all company financial records, bank statements, profit and loss statements, invoices, memos, notes, and marketing or promotional materials; (2) all of your communications with (i) Full Spectrum and its principals, including, but not limited to, Michael Lagnese, James Baum, and Alexander Federico; (ii) DCM, Inc.; (iii) Liberty Novelty, Inc.; and, (3) all of your communications with any third parties relating to the Claims.

At a minimum, your efforts and compliance should include the following: (1) immediate written notice to any entity, corporation, company, association, joint venture, partnership, trust, organization, individual, trustee, as well as any syndicate or group (collectively, "Person") who may have discoverable information relating to the above with instructions concerning their duty to preserve; (2) immediate suspension or modification of your or your companies' normal electronic document retention and destruction policies and procedures, including automated email deletion programs, recycling and reformatting of computers, and, where appropriate, preservation of backup tapes; (3) follow-up direct communication with those notified Persons you determine to likely have discoverable information relating to the above in their custody or control, including providing each with specific instructions on identification and collection of discoverable ESI and paper records;

Similarly, to the extent any Person used online or browser-based email accounts or services (such as AOL, Gmail, Yahoo Mail or the like) to send or receive potentially relevant messages and

DCM, Inc.
Mr. and Mrs. Jivan
April 24, 2020
Page 3

attachments, we expect that these account mailboxes (including Sent, Deleted and Archived Message folders) will be preserved.

Paper Preservation of ESI is inadequate as hard copies do not preserve electronic searchability or metadata; they are not an adequate substitute for, or cumulative of, electronically stored versions. If information exists in both electronic and paper formats, demand is made to preserve both forms. You should anticipate that certain ESI, including but not limited to spreadsheets and databases, will be sought in the form or forms in which it is ordinarily maintained ("Native Form"). Accordingly, you should preserve ESI in such Native Forms, and you should not select methods to preserve ESI that remove or degrade the ability to search your ESI by electronic means or make it difficult or burdensome to access or use the information efficiently in the litigation. You should additionally refrain from actions that shift ESI from reasonably accessible media and forms to less accessible media and forms if the effect of such actions is to make such ESI not reasonably accessible.

Your preservation obligation extends beyond documents and information in your care, possession, or custody and includes documents and information (including, ESI) in the custody of others that are subject to your direction or control. Accordingly, you must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant documents and information to preserve same to the full extent of your obligation to do so, and you must take reasonable steps to secure their compliance.

Courts have found verbal hold notices to be insufficient, and, if given, must be confirmed in writing. We respectfully demand that you retain a copy of any such written hold notices.

There are clearly defined laws and rules barring the destruction or modification of evidence. Failure to take all reasonable steps to preserve the information and documents described hereinabove may subject you to severe monetary and evidentiary sanctions and penalties. Furthermore, we also request that you provide us with the name of your liability insurance carrier and your policy number.

Neither our client nor this firm have notice that you are represented by an attorney regarding the Claims. If that is not the case, and you in fact are represented by legal counsel, please forward this letter to your attorney for an immediate reply.

This letter is not intended as a full or complete statement of all relevant facts or applicable law, and nothing herein is intended as, nor should it be deemed to constitute, a waiver or relinquishment of any of our client's rights, remedies, claims or causes of action, all of which are hereby expressly reserved.

Sincerely,

Benson K. Lau, Esq.
*Partner*

Encl.

1   Adam M. Satnick, California State Bar No. 302326
2   (adam@satnicklau.com)
    Benson K. Lau, California State Bar No. 287429
3   (benson@satnicklau.com)
4   **SATNICK LAU LLP**
    11755 Wilshire Blvd., Suite 1250
5   Los Angeles, CA 90025
    Telephone:   (310) 356-8472
6   Facsimile:    (310) 436-4969
7
8   Attorneys for Plaintiff Full Spectrum IH, LLC
9

SATNICK LAU LLP
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

10          **THE UNITED STATES DISTRICT COURT FOR THE**
11               **EASTERN DISTRICT OF CALIFORNIA**
12

13   FULL SPECTRUM IH, LLC, a Florida          Case No.:
14   limited liability company;
                                                **COMPLAINT FOR:**
15                      Plaintiff,
                                                1.  **PROMISSORY FRAUD**
16          vs.
17                                              2.  **BREACH OF WRITTEN**
     DCM, INC., a Nevada corporation;              **CONTRACT**
18   LIBERTY NOVELTY, INC., a Maryland
     corporation; ALIRAZA JIVAN, an            3.  **BREACH OF IMPLIED**
19   individual; ALFIA JIVAN, an individual;      **COVENANT OF GOOD FAITH**
     and DOES 1 through 10, inclusive,            **AND FAIR DEALING**
20
21                                              4.  **VIOLATION OF BUSINESS**
                                                   **AND PROFESSIONS CODE**
22                     Defendants.                 **§17200**
23
24
25
26
27
28   Plaintiff FULL SPECTRUM IH, LLC alleges as follows:

                                1

**PRELIMINARY STATEMENT**

1.     This is an action to recover compensatory damages, punitive damages, costs, and attorneys' fees for promissory fraud, breach of written contract, breach of the implied covenant of good faith and fair dealing, and violation of California's unfair competition law.

2.     This action arises from defendants' fraudulent conduct and breach arising from a certain Industrial Hemp Purchase Agreement in which they agreed to purchase 3,500 lbs. of machine-trimmed industrial hemp from Full Spectrum IH, LLC, for a total sum of $560,000.00.

**JURISDICTION AND VENUE**

3.     The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Full Spectrum IH, LLC is a limited liability company organized and existing under the laws of the State of Florida. DCM, Inc. is a corporation organized and existing under the laws of the State of Nevada. On information and belief, Aliraza Jivan and Alfia Jivan are individuals residing in Washington County, Maryland. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims herein occurred in this district.

5.     The parties' Industrial Hemp Purchase Agreement further provides: "This Agreement shall be governed by and construed in accordance with the laws of the state of California, without giving effect to any conflicts of laws principles. Both parties agree to the jurisdiction of the courts in California."

**PARTIES**

6.     Plaintiff FULL SPECTRUM IH, LLC ("Plaintiff") is, and at all times relevant was, a Florida limited liability company with its principal place of business in Kern County, California.

7.     Defendant DCM, INC. ("DCM") is, and at all times relevant was, a

SATNICK LAU LLP
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

Nevada corporation with its principal place of business in Clark County, Nevada, and doing business in Kern County, California.

8.      Defendant LIBERTY NOVELTY, INC. ("Liberty") is, and at all times relevant was, a Maryland corporation with its principal place of business in Washington County, Maryland, and doing business in Kern County, California.

9.      On information and belief, Defendant ALIRAZA JIVAN ("Aliraza") is, and at all times relevant was, an individual residing in Washington County, Maryland, and doing business in Kern County, California.

10.     On information and belief, Defendant ALFIA JIVAN ("Alfia") is, and at all times relevant was, an individual residing in Washington County, Maryland, and doing business in Kern County, California. Aliraza Jivan and Alfia Jivan are collectively referred to herein as the "Jivans."

11.     On information and belief, Plaintiff alleges that at all relevant times, the Jivans were acting as agents of DCM and Liberty.

12.     The true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when they have been ascertained. The term "Defendants" shall mean, refer to, and include, DCM, Liberty, the Jivans, and all DOE Defendants, and each of them.

13.     On information and belief, Plaintiff alleges that at all relevant times, Defendants were the agents, employees and/or servants, or employers of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

14.     On information and belief, Plaintiff alleges that at all relevant times, Defendants Liberty and DCM were the alter-egos of the Jivans, that there was a unity of interest between them; that recognition of each separate entity's existence would be an injustice; that each entity was undercapitalized; that the business locations of the

SATNICK LAU LLP
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

1  individuals and each separate entity were the same; and such further alter-ego indicia

2  according to proof.

3  **FACTS COMMON TO ALL CAUSES OF ACTION**

4      15.     In or around October 2019, Plaintiff's principal, Michael Lagnese

5  ("Lagnese") entered into negotiations with Aliraza, on behalf of Defendants, for the

6  purchase and sale of industrial hemp.

7      16.     During those negotiations, Aliraza verbally represented and promised

8  Lagnese that if Plaintiff could manufacture, sell, and supply 3,500 lbs. of machine-

9  trimmed industrial hemp of a particular strain and quality requested by DCM (the

10  "Product") over a two month period, DCM would purchase 500 lbs. of the Product per

11  week from Plaintiff in seven (7) weekly installments of $80,000.00 (a fixed rate of

12  $160.00 per lb.) for a total sum of $560,000.00 (the "Purchase Price") beginning on

13  November 8, 2019 and concluding on December 20, 2019. Aliraza represented these

14  facts were true when, in fact, they were false.

15      17.     Both parties also understood that, like most plant and animal matter,

16  industrial hemp is perishable and the Product would gradually lose value over time as it

17  decays and loses its important inherent qualities. On that basis, the parties agreed that

18  time was of the utmost essence with their respective obligations.

19      18.     Aliraza's promises and representations were material to Plaintiff's decision

20  to enter into an agreement with DCM to manufacture, sell, and supply the Product as it

21  would be required to immediately dedicate substantial time and resources away from its

22  other pending business to cultivate, harvest, and deliver the Product on-time and

23  compliance with DCM's specifications.

24      19.     On information and belief, Aliraza made these promises and

25  representations to Plaintiff knowing that they were false when made or made them

26  recklessly without regard for their truth. Instead, Aliraza knew that: (i) DCM did not

27  intend to timely perform its obligations under such agreement; and (ii) DCM was

28  insolvent, undercapitalized, and/or lacked the financial ability to timely perform its

SATNICK LAU LLP
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

obligations under such agreement.

20.     On information and belief, Aliraza made these promises and representations to induce Plaintiff to enter into a purchase and sale agreement with DCM.

21.     On the basis of Aliraza's promises and representations, Plaintiff entered into an Industrial Hemp Purchase Agreement dated November 7, 2019 with DCM for the purchase and sale of the Product for the Purchase Price (the "Agreement"). The Agreement was executed by Aliraza's wife, Alfia.

22.     On information and belief, Alfia is the President of DCM and its purchasing agent, Liberty.

23.     The Agreement included terms consistent with Aliraza's promises and representations to Plaintiff, including, a payment and delivery schedule which provided that DCM would purchase from Plaintiff 500 lbs. of the Product per week in seven (7) weekly installments of $80,000.00 per week beginning on November 8, 2019 through December 20, 2019 as set forth in the payment and delivery schedule of the Agreement.

24.     The Agreement also provided: "Time is of the essence of this Agreement and of each provision contained in it." Attached hereto as Exhibit "1" is a true and correct copy of the Agreement.

25.     On or about November 8, 2019, DCM, by and through its purchasing agent, Liberty, paid Plaintiff the initial installment of $80,000.00 and Plaintiff delivered the first 500 lbs. of Product to DCM. Thereafter, DCM defaulted on its obligations under the Agreement and failed to pay any of the remaining six (6) weekly installments in full.

26.     To date, DCM has purchased a total of only 750 lbs. of Product from Plaintiff. On or about January 23, 2020, DCM, by and through Liberty, purchased 250 lbs. of Product from Plaintiff for $40,000.00 -- half the amount of the second installment that was due on November 15, 2019.

SATNICK LAU LLP
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

27.     On February 18, 2020, when it became clear that Defendants would not perform their obligations under the Agreement despite months of repeated promises and assurances from Aliraza, Plaintiff provided Defendants with written notice of default (the "<u>Notice</u>") pursuant to the Agreement. Pursuant to the Agreement, Defendants had fifteen (15) calendar days from the date of the Notice to fulfill its obligations and cure its default. Defendants disregarded Plaintiff's Notice and made no attempt to cure its default.

28.     Despite the fact that Defendants' obligations were required to be completed by December 20, 2019, on March 31, 2020, Aliraza sent a text message to Lagnese in which he attempted to blame Governor Gavin Newsom's "shelter in place" order (announced on March 19, 2020) to prevent the spread of COVID-19 as the basis for Defendants' breach.

29.     To date, Defendants owe Plaintiff a remaining purchase obligation of 2,750 lbs. of Product for the sum of $440,000.00.

**FIRST CAUSE OF ACTION**

**FOR PROMISSORY FRAUD**

**(Against All Defendants and Does 1 through 10)**

30.     Plaintiff realleges and incorporates by reference paragraphs 1 through 30 as though fully set forth herein.

31.     In or around October 2019, Plaintiff's principal, Lagnese entered into negotiations with Aliraza, on behalf of Defendants, for the purchase and sale of industrial hemp.

32.     In the course of these discussions, Aliraza verbally represented and promised Lagnese that if Plaintiff could manufacture, sell, and supply the Product requested by DCM over a two month period, DCM would purchase the Product from Plaintiff for the Purchase Price in seven (7) weekly installments of $80,000.00 beginning on November 8, 2019 and concluding on December 20, 2019. Aliraza represented these facts were true when, in fact, they were false.

**SATNICK LAU LLP**
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

6

33.     Aliraza also represented and promised Lagnese that he understood time was of the utmost essence given the perishable nature of the Product.

34.     On information and belief, Aliraza made these promises and representations to Plaintiff knowing that they were false when made or made them recklessly without regard for their truth. Instead, Aliraza knew that: (i) DCM did not intend to timely perform its obligations under such agreement; and (ii) DCM was insolvent, undercapitalized, and/or lacked the financial ability to timely perform its obligations under such agreement.

35.     On information and belief, Aliraza made these promises and representations to Lagnese in order to induce Plaintiff to enter into the Agreement with DCM.

36.     Aliraza's promises and representations were material to Plaintiff's decision to enter into the Agreement with DCM.

37.     Plaintiff justifiably, reasonably, and actually relied upon Aliraza's representations and promises. On the basis of Aliraza's promises and representations, Plaintiff entered into the Agreement with DCM.

38.     Had Plaintiff known the true facts, it would not have so acted.

39.     As a direct and proximate result of Defendants' fraudulent conduct alleged hereinabove, Plaintiff has suffered damages in an amount estimated to exceed $440,000.00, plus interest, subject to proof at trial.

40.     In doing the acts alleged herein, Defendants acted with oppression, fraud, malice, and with the intent to injure Plaintiff. Defendants' conduct was despicable and subjected Plaintiff to cruel and unjust hardship in conscious disregard of its rights. Therefore, Plaintiff is entitled to recover punitive damages in an amount to be proven at trial.

///
///
///

COMPLAINT

SATNICK LAU LLP
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

1

**SECOND CAUSE OF ACTION**

2

**FOR BREACH OF WRITTEN CONTRACT**

3

**(Against All Defendants and Does 1 through 10)**

4      41.     Plaintiff realleges and incorporates by reference paragraphs 1 through 41

5   as though fully set forth herein.

6      42.     On November 7, 2019, Plaintiff entered into an Industrial Hemp

7   Purchase Agreement with DCM for the purchase and sale of the Product for the

8   Purchase Price (the "Agreement"). The Agreement included a payment and delivery

9   schedule which provided that DCM would purchase 500 lbs. of the Product per week

10  from Plaintiff in seven (7) weekly installments of $80,000.00 per week beginning on

11  November 8, 2019 through December 20, 2019. The Agreement also provided: "Time

12  is of the essence of this Agreement and of each provision contained in it." Attached

13  hereto as Exhibit "1" is a true and correct copy of the Agreement.

14     43.     Plaintiff has performed all, or substantially all, of the conditions,

15  covenants, and promises required of it pursuant to the parties' Agreement. Plaintiff

16  diverted substantial time and resources away from its other pending business to

17  cultivate, harvest, and deliver the Product timely and in compliance with DCM's

18  specifications.

19     44.     Defendants breached the Agreement by failing to timely fulfill its

20  obligations to purchase the Product in accordance with the payment and delivery

21  schedule.

22     45.     As a direct and proximate result of Defendants' breach, Plaintiff has been

23  damaged in an amount estimated to exceed $440,000.00, plus interest, subject to proof

24  at trial.

25  ///

26  ///

27  ///

28  ///

**SATNICK LAU LLP**
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

**THIRD CAUSE OF ACTION**

**FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

**(Against All Defendants and Does 1 through 10)**

46. Plaintiff realleges and incorporates by reference paragraphs 1 through 46 as though fully set forth herein.

47. On November 7, 2019, Plaintiff entered into the Agreement with DCM.

48. Plaintiff has performed all, or substantially all, of the conditions, covenants, and promises required of it pursuant to the parties' Agreement.

49. The conditions required for Defendants' performance had occurred or were excused.

50. Defendants unfairly interfered with Plaintiff's right to receive the benefits of the Agreement.

51. As a direct and proximate result of Defendants' breach, Plaintiff has been damaged in an amount estimated to exceed $440,000.00, plus interest, subject to proof at trial.

**FOURTH CAUSE OF ACTION**

**FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200**

**(Against All Defendants and Does 1 through 10)**

52. Plaintiff realleges and incorporates by reference paragraphs 1 through 52 as though fully set forth herein.

53. The acts and practices of Defendants, and each of them, as alleged herein, constitute unfair, unlawful, and fraudulent business acts and practices within the meaning of Sections 17200, *et seq.* of the California *Business & Professions Code.*

54. Defendants, and each of them, have engaged in unfair business acts and practices in that the harm caused by their fraudulent conduct outweighs any utility of such conduct. Defendants' conduct offends public policy, is immoral, unscrupulous, deceitful and offensive, and caused substantial injury to Plaintiff.

SATNICK LAU LLP
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

55.     The acts and practices of Defendants, and each of them, as alleged herein, have caused, and are causing, injury to Plaintiff's business. Plaintiff has suffered injury in fact and has lost money and property (e.g., the perishable Product harvested and manufactured pursuant to DCM's specifications) as a result of such unfair competition.

56.     Plaintiff seeks to recover its actual damages from Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

1.     For actual damages according to proof and in excess of $440,000.00, the exact amount of which has yet to be ascertained;

2.     For punitive damages;

3.     For attorneys' fees;

4.     For costs of suit and interest; and,

5.     For such additional and further relief which the Court deems just and proper.


DATED:                              **SATNICK LAU LLP**


                                    By: _____
                                         ADAM M. SATNICK
                                         BENSON K. LAU
                                         Attorneys for Plaintiff FULL
                                         SPECTRUM IH, LLC

**SATNICK LAU LLP**
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

**EXHIBIT B**

USPS TRACKING #

9590 9402 5782 0034 5516 84

**United States
Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Satnick Law LLP
11755 Wilshire Blvd.
Suite 1250
Los Angeles, CA 90025

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Alraza Jivan and Alfia Jivan
10940 Sassan Lane
Hagerstown, MD 21742

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 5782 0034 5516 84

2. Article Number *(Transfer from service label)*

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X SC Coud 19 RH8

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**EXHIBIT C**

**ALERT: USPS IS MONITORING CONDITIONS AS HURRICANE LAURA APPROACHES THE GULF...**

# USPS Tracking®

FAQs >

## Track Another Package  +

**Tracking Number:** 70200090000160556238

Remove ✕

Your item was delivered to an individual at the address at 3:21 pm on May 2, 2020 in
HAGERSTOWN, MD 21742.

Feedback

## ⊘ Delivered

May 2, 2020 at 3:21 pm
Delivered, Left with Individual
HAGERSTOWN, MD 21742

**Get Updates** ⌄

---

**Text & Email Updates**                                                                    ⌄

---

**Tracking History**                                                                        ⌃

**May 2, 2020, 3:21 pm**
Delivered, Left with Individual
HAGERSTOWN, MD 21742
Your item was delivered to an individual at the address at 3:21 pm on May 2, 2020 in HAGERSTOWN, MD
21742.

---

**May 2, 2020, 9:33 am**
Out for Delivery
HAGERSTOWN, MD 21742

---

**May 2, 2020, 9:22 am** cv-00673-DAD-JLT    Document 21-2    Filed 08/27/20    Page 29 of 95
Arrived at Unit
HAGERSTOWN, MD 21742

---

**April 28, 2020**
In Transit to Next Facility

---

**April 24, 2020, 2:50 pm**
USPS in possession of item
LOS ANGELES, CA 90017

---

**Product Information**                                             ⌄

See Less ⌃

Feedback

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

**EXHIBIT D**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 5782 0034 5516 60

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Satnick Law LLP
11755 Wilshire Blvd.
Suite 1250
Los Angeles, CA 90025



■ SEND: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article addressed to:

Liberty Novelty, Inc.
Attn: Alfie Jivan
2030 Day Road
Hagerstown, MD 21740

9590 9402 5782 0034 5516 60

2. Article Number (Transfer from service label)

7020 0090 0001 6055 6771

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X A Jivan

B. Received by (Printed Name)    C. Date of Delivery

MS MD 21740 6/9    5/3/20

☐ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

HAGERSTOWN
MAY 2 2020
USPS

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**EXHIBIT E**



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DCM, Inc. c/o Corporate Service
Center, Inc.
5605 Riggins Ct. Suite 200
Reno, NV 89502

9590 9402 5782 0034 5516 53

2. Article Number (Transfer from service label)

7020 0090 0001 6055 6214

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _T-Lawson_
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

(RENO, NV) MAIN OFFICE
APR 27 2020
USPS

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-1

USPS TRACKING #

9590 9402 5782 0034 5516 53

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Satnick Lau LLP
11755 Wilshire Blvd.
Suite 1250
Los Angeles, CA 90025

**EXHIBIT F**

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DCM, Inc.
3401 Sirius Avenue
Suite 32
Las Vegas, NV 89102

9590 9402 5782 0034 5516 46

2. Article Number *(Transfer from service label)*

7020 0090 0001 6055 6252

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X _____  ☐ Agent
                    ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...ail
☐ ...ail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt



USPS TRACKING #

9590 9402 5782 0034 5516 46

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Satnick Lau LLP
11755 Wilshire Blvd.
Suite 1250
Los Angeles, CA 90025

**EXHIBIT G**

Case 1:20-cv-00673-DAD-JLT Document 21-2 Filed 08/27/20 Page 40 of 95

**ALERT: USPS IS MONITORING CONDITIONS AS HURRICANE LAURA APPROACHES THE GULF…**

# USPS Tracking®

FAQs ›

## Track Another Package +

**Tracking Number:** 70200090000160556252

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 12:00 pm on April 28, 2020 in LAS VEGAS, NV 89102.

 **Delivered**

April 28, 2020 at 12:00 pm
Delivered, Front Desk/Reception/Mail Room
LAS VEGAS, NV 89102

**Get Updates** ⌄

Feedback

---

**Text & Email Updates** ⌄

---

**Tracking History** ⌃

**April 28, 2020, 12:00 pm**
Delivered, Front Desk/Reception/Mail Room
LAS VEGAS, NV 89102
Your item was delivered to the front desk, reception area, or mail room at 12:00 pm on April 28, 2020 in
LAS VEGAS, NV 89102.

---

**April 27, 2020, 11:54 am**
Delivery Attempted - No Access to Delivery Location
LAS VEGAS, NV 89102

---

April 26, 2020 Case 1:20-cv-00673-DAD-JLT   Document 21-2   Filed 08/27/20   Page 41 of 95

**April 26, 2020**
In Transit to Next Facility

**April 24, 2020, 2:50 pm**
USPS in possession of item
LOS ANGELES, CA 90017

## Product Information ⌄

See Less ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**



Feedback

**EXHIBIT H**

Case 1:20-cv-00673-DAD-JLT   Document 21-2   Filed 08/27/20   Page 43 of 95

**ALERT: USPS IS MONITORING CONDITIONS AS HURRICANE LAURA APPROACHES THE GULF...**

# USPS Tracking®

FAQs >

## Track Another Package  +

**Tracking Number:** 9590940257820034551684

Remove ✕

Your item departed our USPS facility in LOS ANGELES CA DISTRIBUTION CENTER on May 6, 2020 at 7:48 pm. The item is currently in transit to the destination.

## In-Transit

May 6, 2020 at 7:48 pm
Departed USPS Regional Facility
LOS ANGELES CA DISTRIBUTION CENTER

**Change Delivery Instructions** ⌄

Feedback

| Text & Email Updates | ⌄ |
|---|---|

| Delivery Instructions | ⌄ |
|---|---|

| Tracking History | ⌃ |
|---|---|

**May 6, 2020, 7:48 pm**
Departed USPS Regional Facility
LOS ANGELES CA DISTRIBUTION CENTER
Your item departed our USPS facility in LOS ANGELES CA DISTRIBUTION CENTER on May 6, 2020 at 7:48 pm. The item is currently in transit to the destination.

**May 6, 2020, 4:26 pm**
Arrived at USPS Regional Facility

LOS ANGELES CA DISTRIBUTION CENTER   Document 21-2   Filed 08/27/20   Page 44 of 95

**May 2, 2020, 11:25 pm**
Departed USPS Regional Facility
BALTIMORE MD DISTRIBUTION CENTER

**May 2, 2020, 9:08 pm**
Arrived at USPS Regional Facility
BALTIMORE MD DISTRIBUTION CENTER

**April 24, 2020, 2:50 pm**
Return Receipt Associated

**Product Information**    ⌄

See Less ⌃

Feedback

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

**EXHIBIT I**

**ALERT: USPS IS MONITORING CONDITIONS AS HURRICANE LAURA APPROACHES THE GULF…**

# USPS Tracking®

FAQs ›

### Track Another Package  +

**Tracking Number:** 70200090000160556245

Remove ✕

Your item was delivered to an individual at the address at 3:21 pm on May 2, 2020 in HAGERSTOWN, MD 21742.

 **Delivered**

May 2, 2020 at 3:21 pm
Delivered, Left with Individual
HAGERSTOWN, MD 21742

**Get Updates** ⌄

Feedback

---

**Text & Email Updates** ⌄

---

**Tracking History** ⌃

**May 2, 2020, 3:21 pm**
Delivered, Left with Individual
HAGERSTOWN, MD 21742
Your item was delivered to an individual at the address at 3:21 pm on May 2, 2020 in HAGERSTOWN, MD 21742.

---

**May 2, 2020, 9:33 am**
Out for Delivery
HAGERSTOWN, MD 21742

---

**May 2, 2020, 9:22 am**
Arrived at Unit
HAGERSTOWN, MD 21742

**April 28, 2020**
In Transit to Next Facility

**April 24, 2020, 2:50 pm**
USPS in possession of item
LOS ANGELES, CA 90017

**Product Information**                                                    ⌄

See Less ∧

Feedback

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

**EXHIBIT J**

# SATNICK | LAU LLP

### COUNSELORS   ADVISORS   ADVOCATES

11755 WILSHIRE BLVD., SUITE 1250
LOS ANGELES, CA 90025
T: (310) 356-8472
F: (310) 436-4969

August 3, 2020

**VIA E-MAIL**

Reza I. Gharakhani, Esq.
ROSTOW & AUSTER LLP
2049 Century Park East, Suite 2525
Los Angeles, CA 90067
Email: Gharakhani@rostow.com

> *Re:    Full Spectrum IH LLC v. DCM, Inc., et al.*
> *Case No. 1:20-cv-00673-DAD-JLT*
> *Confidential Settlement Communication pursuant to Federal Rule of Civil*
> *Procedure Rule 408*

Dear Mr. Gharakhani:

We confirm receipt of your correspondence of July 29, 2020 in which you informed us of your firm's representation of defendants Aliraza Jivan ("Aliraza"), Alfia Jivan ("Alfia"), Liberty Novelty, Inc. ("Liberty Novelty"), and DCM, Inc. ("DCM") in the above-referenced action.

We respectfully decline your request for a stipulation to vacate your clients' defaults as we are unable to grant the relief you are requesting without prejudice to our client's interests. Your clients had ample opportunity to appear in this action and respond to the complaint. They were all served on May 20, 2020.[1] With the exception of Aliraza[2], your clients' response to the complaint was due on June 10, 2020 – nearly two months ago – and they have been in default for over a month. We note that your correspondence fails to provide the basis for your clients' failure to appear or timely respond to the Complaint.

Alternatively, your clients also could have contacted our office to request an extension. If they had done so, we would have granted their request as a courtesy. Instead, we were left to assume that they had no intention of appearing in this action and proceeded accordingly.

Meanwhile, our client has been unfairly prejudiced by your clients' delay. Our client has already incurred attorneys' fees and costs in connection with taking your clients' defaults together with the motion for clerk's entry of default judgment against DCM, Inc. (the "Motion") that we have

---

[1] Alfia, Liberty Novelty, and DCM were personally served with the summons and complaint on May 20, 2020. On June 17, 2020, the clerk entered their defaults.
[2] Aliraza was served by substitute service (a copy of the summons and complaint was left with his wife, Alfia). A copy of the summons and complaint was mailed to him on June 16, 2020. As such, his response was due on July 17, 2020. The clerk entered his default on July 21, 2020.

Reza I. Gharakhani, Esq.
August 3, 2020
Page 2

prepared in accordance with the Court's minute order of July 22, 2020. We have enclosed a copy of our Motion for your records. At this juncture, your clients may oppose the motion and/or move the Court to set aside the default for good cause. Please let us know if you will consent to electronic service of our Motion. Otherwise, we will make arrangements for a hard copy to be hand-delivered to your office.



Confidential Settlement Communication

This letter is not intended as a full or complete statement of all relevant facts or applicable law, and nothing herein is intended as, nor should it be deemed to constitute, a waiver or relinquishment of any of my client's rights, remedies, claims or causes of action, all of which are hereby expressly reserved.

Very truly yours,

Benson K. Lau, Esq.
*Partner*

Encl.

Adam M. Satnick, California State Bar No. 302326
(adam@satnicklau.com)
Benson K. Lau, California State Bar No. 287429
(benson@satnicklau.com)
**SATNICK LAU LLP**
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone:   (310) 356-8472
Facsimile:    (310) 436-4969

Attorneys for Plaintiff Full Spectrum IH, LLC

# THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA - BAKERSFIELD DIVISION

| | |
|---|---|
| FULL SPECTRUM IH, LLC, a Florida limited liability company;<br><br>               Plaintiff,<br><br>   vs.<br><br>DCM, INC., a Nevada corporation; LIBERTY NOVELTY, INC., a Maryland corporation; ALIRAZA JIVAN, an individual; ALFIA JIVAN, an individual; and DOES 1 through 10, inclusive,<br><br>               Defendants. | Case No.: 1:20-cv-00673-DAD-JLT<br><br>**DECLARATION OF MICHAEL LAGNESE IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF A CLERK'S DEFUALT JUDGMENT AGAINST DCM, INC. IN A SUM CERTAIN PURSUANT TO FED. R. CIV. P. 55(B)(1)**<br><br>*[Filed concurrently with: Motion for Clerk's Default Judgment; Declaration of Benson K. Lau, Esq.; Proposed Judgment thereon]*<br><br>Hearing:    September 2, 2020; 9:30 a.m.<br>Judge:      Hon. Jennifer L. Thurston<br>Location:   United States Courthouse, 510 19th Street, Suite 200, Bakersfield, CA 93301 |

DECLARATION OF MICHAEL LAGNESE

1    I, Michael Lagnese, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

2    1.    I am the Chief Executive Officer of Plaintiff FULL SPECTRUM IH,

3 LLC (the "Company"). As such, I have personal knowledge of all statements made

4 herein based upon my duties and based upon my review of the books and records

5 maintained by Company in the ordinary course of business that relate to this matter.

6    2.    On the basis of Defendants' representations and assurances, Company

7 entered into a certain Industrial Hemp Purchase Agreement (the "Contract") in which

8 Company agreed to supply and sell to Defendants, 3,500 lbs. of machine-trimmed

9 industrial hemp of a particular strain and quality over a two-month period for a total

10 sum of $560,000.00 (the "Purchase Price") payable in seven (7) weekly installments of

11 $80,000.00 beginning on November 8, 2019, and concluding on December 20, 2019.

12 Attached hereto as **Exhibit A** is a true and correct copy of the Contract.

13    3.    Defendants paid the initial installment of $80,000.00. Thereafter,

14 Defendants defaulted on their remaining payment obligations under the Contract by

15 failing to pay any of the remaining six (6) weekly installments in full. Instead,

16 Defendants paid Company the sum of $40,000.00 on November 15, 2019 --  half of the

17 amount due that day for the second installment payment.

18    4.    Accordingly, the sum certain of $440,000.00 ($560,000.00 [principal] -

19 $80,000.00 [first payment] - $40,000.00 [second payment] = $440,000.00) is presently

20 due and owing by Defendants to Plaintiff, together with interest thereon from and after

21 November 15, 2019.

22

23    I declare under penalty of perjury that the foregoing is true and correct.

24    Executed on August 3, 2020 at Los Angeles, California.

25    /s/ Michael Lagnese (original signature retained by attorney Benson Lau)

26

27    Michael Lagnese, Chief Executive Officer of Full Spectrum IH, LLC

28

SATNICK LAU LLP
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

2

DECLARATION OF MICHAEL LAGNESE

**EXHIBIT A**

DocuSign Envelope ID: E738FF3B-20B4-4D44-9372-9B24B5CCE503

## INDUSTRIAL HEMP PURCHASE AGREEMENT

This Hemp Purchase Agreement (the "Agreement") is made this 7th day of November 2019, by and between Full Spectrum IH, L.L.C. a Florida limited liability company (the "Seller") and DCM, Inc., a Nevada corporation (the "Purchaser").

## RECITALS

**WHEREAS**, Seller is the producer and owner of certain whole hemp flower as more fully described in a Certificate of Analysis attached hereto as Exhibit A (the "Product"); and

**WHEREAS**, Seller desires to sell, and Buyer desires to purchase the Product in ten (10) installments in accordance with the stated terms and conditions of this Agreement;

**NOW THEREFORE**, the Parties agree as follows:

1. The Product

1.1 Seller hereby agrees to manufacture, sell and supply 3,500 lbs. of machine-trimmed industrial  hemp  to the Purchaser as more fully described and set forth in a Certificate of Analysis attached hereto as Exhibit A and incorporated herein by reference (the "Product"), and in accordance with the terms and conditions of this Agreement.  Seller and Purchaser acknowledge and agree that the Certificate of Analysis in Exhibit A represents the Product thirty (30) days prior to actual harvest and that subsequent Certificate of Analyses of the Product may produce results that vary from the Certificate of Analysis in Exhibit A due to environmental factors in the ordinary course of the Product's life cycle.  Purchaser shall use the Certificate of Analysis in Exhibit A as a guideline for the Product, but Purchaser shall solely rely on its Certificate of Analysis obtained during Purchaser's inspection period in Section 3.2 hereinbelow.

2. Pricing of the Products

2.1 The Seller will supply Purchaser with, and Purchaser agrees to purchase from Seller, the Product in seven (7) installments, at the prices and on the payment terms set forth in Exhibit B, attached hereto.

3. The Transactions

3.1 Upon both Purchaser and Seller executing this Agreement together with a related Escrow Agreement between them dated November 7th 2019 (the "Escrow Agreement"), Purchaser shall promptly deposit with the escrow agent (the Escrow Agent") the initial installment purchase price of $80,000.00 in accordance with the terms and conditions of this Agreement and the Escrow Agreement.

3.2 Upon confirmation to the parties from the Escrow Agent that any installment purchase price has been deposited with the Escrow Agent, Purchaser's representatives shall be permitted

to promptly and reasonably inspect and test each proposed shipment of Product at Seller's facility located at 2924 East Belle Terrace, Bakersfield, CA 93307 ("Seller's Facility").

3.3 For each of the remaining six (6) proposed installment purchases of Product set forth in Exhibit B, Purchaser shall deposit each such installment payment with the Escrow Agent on the applicable purchase date set forth in Exhibit B, provided that this Agreement is still in full force and effect. Such installment payments into escrow shall be subject to adjustment for escrow agent fees and bank costs, as set forth in the Escrow Agreement.

3.4 Price Adjustments for Defective or Non-conforming Product. Each installment payment for the Product shall be subject to adjustment (if any) relating to Purchaser's credits for any nonconforming or defective Product (or any part thereof,) which upon inspection and testing at Seller's Facility by Purchaser and at Purchaser's sole discretion, is nonconforming or defective prior to delivery to Purchaser.

3.5 Inspection and Testing of Product at Seller's Facility. Purchaser shall have seventy-two (72) hours upon arrival at Seller's Facility to complete inspection and testing of the Product. Purchaser will only be required to accept and pay for the Product or any part thereof, which, in the Purchaser's sole discretion, is free of defects at the time Purchaser's inspection and testing of the Product at Seller's Facility is completed.

3.6 Inspection of Product after delivery to Seller's Facility/Latent Defects. Each installment purchase of Product will be deemed received free of defects unless the Purchaser notifies the Seller in writing within five (5) business days after delivery of the Product to Seller's Facility, that the Product contains any latent defect of the type set forth in Paragraph 7 herein, which Purchaser, using reasonable due diligence, failed to discover after inspection and testing at Seller's Facility.

## 4.   Preparation and Cultivation of Product

4.1 Seller shall prepare and cultivate the premises, and sow and maintain the Product, including irrigation, fertilizing, and control of weeds and insect infestations, in accordance with principles of good husbandry and the best practices of the farming community in which the premises are situated. Seller shall prepare the Product in an appropriate manner necessary for testing by, and delivery to Purchaser.

## 5.   Harvesting of Product

5.1.   Seller shall provide Purchaser with pallets, boxes, crates, or other containers, delivered to as may be required for the proper harvest of the Product

## 6.   Delivery of  Product

6.1.   On harvest of the Product, Seller shall deliver to Purchaser for testing and delivery each installment of Product  packaged in containers provided by Seller at Seller's Facility.

DocuSign Envelope ID: E738FF3B-20B4-4D44-9372-9B24B5CCE503

### 7.   Specifications of Harvested Product

7.1.   Promptly after harvesting, Seller shall deliver the Product to Seller's Facility in a condition suitable for Purchaser's  requirements, as specified in this Agreement. The Product and any part thereof  must be free from doubles, worms, worm damage, insect bites, or other pest infestations; frost, hail, rain, or other meteorologically caused damage; and rot, mildew, mold, shrivel, scab, or other foreign matter. In addition, at the time of delivery the Product must meet the 30 day pre-harvest specifications set forth in the 30 day pre-harvest Certificate of Analysis, attached hereto as Exhibit A.

### 8. Right of Rejection

8.1  .  Purchaser  reserves the right to reject any quantity of the Product delivered under this Agreement that does not meet the specifications and requirements described in Paragraph 7 of this Agreement. On rejection, Purchaser  may charge to Seller's account all reasonable freight charges paid or incurred by it in connection with the receipt and return of the rejected Product ) to Seller or Seller's agent. The rejection or regrading of any of the delivered Product by Purchaser  shall not relieve the Seller's duty to provide Purchaser  with the remaining amount of the Product due under this contract. Purchaser shall provide Seller with notice of the rejection of any Product in accordance with Paragraph 21 of this Agreement.

### 9.   Term of Agreement

9.1 This Agreement shall commence on the date of its execution and shall continue in full force and effect until the transactions contemplated thereunder are completed (unless sooner canceled or terminated as provided in this Agreement).

### 10. Default

10.1 Events of Default. A party shall be deemed to be in default of the terms of this Agreement if any one of the following events ("Events of Default") occurs:

(a) Such party materially violates any of the terms and conditions of this Agreement;

(b) Such party files a voluntary petition in bankruptcy or takes the benefit of any insolvency act or be dissolved or adjudicated bankrupt or if a receiver shall be appointed for Company's business or its assets and the appointment of such receiver is not vacated within thirty (30) days after such appointment, or if such party shall make an assignment for the benefit of its creditors, or if the interest of such party passes by operation of law to any person or entity other than such party; or

(c) Such party becomes insolvent, regardless of how said insolvency may be evidenced.

### 11. Remedies

11.1 Upon the occurrence of an Event of Default, the non-defaulting party may give written notice to the defaulting party demanding that the condition of default be cured within fifteen (15) calendar days and, if not so cured, the non-defaulting party, in addition to any other rights or remedies it may have, may do any one or more of the following:

(a) Commence a collection action to recover all sums of money due, reserving the right to recover other sums of money which may become due under this Agreement or otherwise;

(b) Commence an action to specifically enforce its rights under this Agreement; or

(c) To rescind the relevant purchase order and any future orders;

(d) Terminate this Agreement.

12. No Partnership, Joint Venture, Franchise, Employer / Employee Relationship.

12.1 It is understood and agreed that this Agreement and the relationship created hereby shall not be considered to be a partnership, joint venture, franchise, or an employer/employee relationship, and neither the Purchaser nor Seller shall have the right or authority to represent the other in any capacity or to transact any business or incur any obligations, contractual or otherwise for, in the name of, or on behalf of the other, unless otherwise authorized to do so in writing. The relationship between the Purchaser and Seller shall be that of independent contractors.

13. Brokers and Finder's Fee.

13.1 The Seller shall be solely responsible for any broker or finders' fees related to this Agreement, and any such fees shall not be paid by Purchaser which is not included in any deposit by Purchaser into escrow.

14. Passage of Risk of Loss; Passage of Title

14.1 Passage of Title/Risk of Loss.  All title, risk of loss, depreciation, and damage shall remain with Seller until Purchaser provides written acceptance to Escrow Agent in accordance with this Agreement and the Escrow Agreement that Purchaser accepts each installment purchase of the Product or any part thereof.  Seller shall deliver the Product to Purchaser F.O.B. Seller's Facility in Bakersfield, CA.  All title, risk of loss, depreciation, and damage shall pass to Purchaser upon Seller taking possession of the Product at Seller's Facility after testing and inspection by Purchaser pursuant to this Agreement.

15. Pesticide Chemicals

15.1 Seller agrees not to apply to the Product or the land on which they are grown any pesticide chemical, as defined in Section 321(q) of Title 21 of the United States Code, except as may be permitted under the tolerance levels for application of pesticide chemicals promulgated

DocuSign Envelope ID: E738FF3B-20B4-4D44-9372-9B24B5CCE503

by the Environmental Protection Agency. Seller shall not adulterate or misbrand the Product as defined by Sections 342 and 343 of Title 21 of the United States Code.

15.2  On application of any permitted pesticide chemical, Seller shall provide notice of the application to Purchaser  in accordance with Paragraph 21  of this Agreement. Failure of Seller to provide notice of any pesticide application is a material  breach of this contract, giving Purchaser  the option to refuse delivery of the Product our any part thereof

## 16. Fair Labor Standards Act

16.1 Seller warrants and represents that the Product  delivered pursuant to this Agreement have been or will be produced  in compliance with all applicable provisions of the Fair Labor Standards Act of 1938. .

## 17. Limitation on Warranties

17.1 The goods sold to Purchaser  under this Agreement are sold subject only
 to the implied warranty of title described in Section 2312(1) of the California Commercial Code and the implied warranty of merchantability described in Section 2314 of the California Commercial Code as existing on the date of execution of this contract. Other than those set forth in this Agreement and in the Escrow Agreement, Seller makes no express warranties concerning the goods sold under this Agreement and any affirmations or representations made by Seller or Seller's agents concerning the goods were made for illustrative purposes only and do not constitute warranties of the goods. SELLER MAKES NO WARRANTY THAT THE GOODS SOLD UNDER THIS CONTRACT ARE FIT FOR ANY PARTICULAR PURPOSE OR PURPOSES.  Purchaser acknowledges and agrees that: (a) Purchaser is purchasing the Product on an "AS IS" basis; and (b) that Seller specifically disclaims all warranties not included in this Section 17.1.

## 18.  Parties' Authority to Enter into Agreement.

18.1 The parties warrant and represent that they each are validly existing entities under the laws of their respective jurisdictions, and that they each have all requisite right, power and authority to enter into this Agreement and to perform their respective obligations hereunder.

## 19. Force Majeure Clause

19.1 Should the performance of the obligations of either party under this Agreement be prevented or delayed by an act of God, war, civil insurrection, fire, flood, storm, strikes, lockouts, or by any law, regulation, or order of any federal, state, county, or municipal authority, or by any other cause beyond the control of the party to be excused, that party's performance under this Agreement, to the extent it is prevented or delayed, shall be excused.

## 20. Expenses of Enforcement

20.1 Should any litigation be commenced between the Purchaser and Seller for the enforcement of any rights of either party against the other pursuant to the provisions of this Agreement, or by reason of any alleged breach of any of the provisions of this Agreement, the party prevailing in the litigation shall be entitled to receive from the unsuccessful party all costs incurred in connection with the litigation, including a reasonable allowance for attorneys' fees incurred by the prevailing party.

## 21. Notices

21.1 Except as otherwise expressly provided by law, any and all notices or other communications required or permitted by this Agreement, or by law to be served on or given to either party by the other party shall be in writing, and shall be deemed duly served and given when delivered by email or first class mail to:

21.2 Seller: Michael Lagnese, CEO |Full Spectrum IH, LLC, 2924 E. Belle Terrace | Bakersfield, CA 93307.

21.2 Purchaser: DCM Inc. 3401 Sirius Ave Suite 33, Las Vegas NV 89102.

21.3  Either party may change its address for the purpose of this Paragraph 21 by giving written notice of the change to the other party in the manner provided in this Paragraph.

## 22. Time of Essence

22.1  Time is of the essence of this Agreement and of each provision contained in it.

## 23 . Assignment and Transfer

23.1. Either party shall not assign or transfer this Agreement to any person without the prior express written consent of the other party.

## 24. Amendments to Agreement

24.1. This Agreement may be amended only by a writing signed by the party against whom or against whose successors and assigns enforcement of the change is sought.

## 25. Saving Clause

25.1 If any term or provision of this Agreement or any application hereof shall be held invalid or unenforceable, the remainder of this contract and any application of its terms and provisions shall not be affected thereby but shall be valid and enforceable.

## 26. Governing Law

26.1 This Agreement shall be governed by and construed in accordance with the laws of the state of California, without giving effect to any conflicts of laws principles.  Both parties agree to the jurisdiction of the courts in California.

## 27. Waiver

27.1 The waiver of any breach of any of the provisions of this Agreement by Purchaser shall not constitute a continuing waiver or a waiver of any subsequent breach by Seller either of the same or any other provision of this Agreement.

[SIGNATURE PAGE TO FOLLOW]

In witness whereof, the Parties have executed this Agreement as of the date written below.

**SELLER: FULL SPECTRUM IH, LLC**

By _Michael Lagnese_

Print Name: Michael Lagnese

Title: Chief Executive Officer

Dated: November 7th, 2019

**PURCHASER: DCM, INC.**

By: _[signature]_

Print Name: Alfia Jivan

Title: Chief Executive Officer

Dated: November 7th, 2019

DocuSign Envelope ID: E738FF3B-20B4-4D44-9372-9B24B5CCE503

## EXHIBIT A:

### The Product



## Cannabinoids

Testing method: HPLC-SOP 101

| Analyte | LOD | LOQ | Mass | Mass |
|---------|-----|-----|------|------|
| | % | % | % | mg/g |
| CBD | 0.00004 | 0.0001 | 0.16 | 1.60 |
| CBC | 0.00001 | 0.0001 | 0.01 | 0.11 |
| CBDa | 0.00002 | 0.0001 | 1.24 | 12.35 |
| CBDV | 0.00001 | 0.0001 | ND | ND |
| CBG | 0.00004 | 0.0001 | 0.02 | 0.15 |
| CBGa | 0.00002 | 0.0001 | 0.06 | 0.63 |
| CBN | 0.00002 | 0.0001 | ND | ND |
| THCa | 0.00002 | 0.0001 | 0.04 | 0.40 |
| THCV | 0.00004 | 0.0001 | ND | ND |
| Δ8-THC | 0.00004 | 0.0001 | ND | ND |
| Δ9-THC | 0.00004 | 0.0001 | 0.02 | 0.15 |
| **Total** | | | **1.54** | **15.38** |

Date Tested: 08/30/2019

Total THC = THCa * 0.877 + d9-THC

Total CBD = CBDa * 0.877 + CBD

LOQ = Limit of Quantitation; LOD = Limit of Detection; NT = Not Tested; ND = Not Detected.

The values reported pertain only to the product tested. R&D Sample Only. Tested as-is/received from client. Unless otherwise stated all Laboratory Quality Control (LQC) samples performed within specifications established by the BCC in 16 CCR section 5730. Sample tested per CALIFORNIA CODE OF REGULATIONS, TITLE 16, DIVISION 42: BUREAU OF CANNABIS CONTROL.

**EXHIBIT B**

PRICING TERMS

| Purchase Date | Quantity Purchased | Price per lb. | Total Purchase Price |
|---|---|---|---|
| 11/8/19 | 500 lbs. | $160.00 | $80,000.00 |
| 11/15/19 | 500 lbs. | $160.00 | $80,000.00 |
| 11/22/19 | 500 lbs. | $160.00 | $80,000.00 |
| 11/29/19 | 500 lbs. | $160.00 | $80,000.00 |
| 12/06/19 | 500 lbs. | $160.00 | $80,000.00 |
| 12/13/19 | 500 lbs. | $160.00 | $80,000.00 |
| 12/20/19 | 500 lbs. | $160.00 | $80,000.00 |

1 | Adam M. Satnick, California State Bar No. 302326
2 | (adam@satnicklau.com)
Benson K. Lau, California State Bar No. 287429
3 | (benson@satnicklau.com)
4 | **SATNICK LAU LLP**
11755 Wilshire Blvd., Suite 1250
5 | Los Angeles, CA 90025
Telephone:   (310) 356-8472
6 | Facsimile:   (310) 436-4969
7 |
8 | Attorneys for Plaintiff Full Spectrum IH, LLC
9 |

10 | **THE UNITED STATES DISTRICT COURT FOR THE**
11 | **EASTERN DISTRICT OF CALIFORNIA - BAKERSFIELD DIVISION**
12 |

13 | FULL SPECTRUM IH, LLC, a Florida
14 | limited liability company;

15 |                   Plaintiff,

16 |       vs.

17 |

18 | DCM, INC., a Nevada corporation;
LIBERTY NOVELTY, INC., a Maryland
19 | corporation; ALIRAZA JIVAN, an
individual; ALFIA JIVAN, an individual;
20 | and DOES 1 through 10, inclusive,
21 |

22 |                   Defendants.

23 |
24 |
25 |
26 |
27 |
28 |

Case No.: 1:20-cv-00673-DAD-JLT

**DECLARATION OF BENSON K. LAU, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF A CLERK'S DEFUALT JUDGMENT AGAINST DCM, INC. IN A SUM CERTAIN PURSUANT TO FED. R. CIV. P. 55(B)(1)**

*[Filed concurrently with: Motion for Clerk's Default Judgment; Declaration of Michael Lagnese; Proposed Order thereon]*

Hearing:      September 2, 2020; 9:30 a.m.
Judge:        Hon. Jennifer L. Thurston
Location:     United States Courthouse,
                   510 19th Street, Suite 200,
                   Bakersfield, CA 93301

*Sidebar (vertical text):* SATNICK LAU LLP / 11755 Wilshire Blvd., Suite 1250 / Los Angeles, CA 90025 / Telephone (310) 356-8472

DECLARATION OF BENSON K. LAU, ESQ.

I, Benson K. Lau, Esq., hereby declare as follows:

1.      I am attorney duly admitted to practice before this Court. I am a partner at SATNICK LAU LLP, attorneys of record for Plaintiff FULL SPECTRUM IH, LLC ("Plaintiff"). The following facts are within my personal knowledge or, where stated on information and belief, on information that I believe to be true and correct. If called upon as a witness in this matter, I could and would testify competently thereto.

2.      DCM is a corporate entity and thus is not a minor or incompetent person and is not subject to the Servicemembers Civil Relief Act. (50 U.S.C. App. § 521).

3.      Plaintiff commenced this action on May 12, 2020, by filing a Complaint against DCM, Liberty Novelty, Inc. ("Liberty Novelty"), Alfia Jivan ("Alfia"), and Aliraza Jivan ("Aliraza") (collectively, "Defendants.") Defendants have not appeared in this action either personally or through a representative.

4.      At the request of Plaintiff, the Clerk of Court entered default against Defendants Alfia, DCM, and Liberty Novelty on June 17, 2020.

5.      At the request of Plaintiff, the Clerk of the Court entered default against Defendant Aliraza on July 21, 2020.

6.      On July 29, 2020, I received a letter from Reza Gharakhani, Esq. Mr. Gharakhani's letter informed me that his office had been retained to represent Defendants in this action and requested Plaintiff to stipulate to set aside the defaults entered against his clients. Mr. Gharakani's letter did not provide any grounds for Defendants' failure to appear or timely respond to the Complaint.

7.      Plaintiff has incurred attorneys' fees and costs as a result of Defendants' failure to timely respond to the Complaint in this action, including, but not limited to, attorneys' fees and costs in connection with the preparation of the within motion pursuant to the Court's minute order of July 22, 2020. As such, I respectfully denied Mr. Gharakhani's requested stipulation and served him with a copy of this motion, in light of his representation of Defendants, and to allow Defendants the opportunity to oppose this motion and/or file a motion for relief from default.

SATNICK LAU LLP
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

2

8.      Plaintiff's Complaint against Defendants are for promissory fraud, breach of written contract, breach of implied covenant of good faith and fair dealing, and violation of Business and Professions Code section 17200. Plaintiff's monetary damages arise from DCM's breach of a certain Industrial Hemp Purchase Agreement (the "Contract") in which DCM agreed to purchase 3,500 lbs. of machine-trimmed industrial hemp of a particular strain and quality over a two-month period for a total sum of $560,000.00 (the "Purchase Price") payable in seven (7) weekly installments of $80,000.00 beginning on November 8, 2019 and concluding on December 20, 2019.

9.      DCM paid the initial installment of $80,000.00. Thereafter, DCM defaulted on its remaining payment obligations under the Contract by failing to pay any of the remaining six (6) weekly installments in full. Instead, DCM paid Plaintiff the sum of $40,000.00 on November 15, 2019 --  half of the amount due for the second installment payment. Accordingly, Plaintiff's right to payment for the remaining sums due vested on November 15, 2019.

10.     The sum of $440,000.00 ($560,000.00 [principal] - $80,000.00 [first payment] - $40,000.00 [second payment] = $440,000.00) remains due and owing to Plaintiff under the Contract.

11.     Statutory interest of 10% per annum on the $440,000.00 equals $120.54 per day ($440,000.00 x .1 = $44,000.00/365 = $120.54.) The total interest accrued from the date that Plaintiff's right to payment vested on November 15, 2019, through the date of anticipated entry of judgment on September 2, 2020, pursuant to this Motion is $35,197.68 ($120.54 x 292 days).

12.     Accordingly, Plaintiff requests judgment in its favor and against Defendant in the amount of $475,197.68, which includes per diem interest of $120.54 through the date of entry of judgment.

13.     Plaintiff will bring a post-judgment motion for attorneys' fees and costs following entry of judgment.

I declare under penalty of perjury that the foregoing is true and correct.

**SATNICK LAU LLP**
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

3

DECLARATION OF BENSON K. LAU, ESQ.

Executed on August 3, 2020 at Los Angeles, California.

Benson K. Lau, Esq.

DECLARATION OF BENSON K. LAU, ESQ.

SATNICK LAU LLP
11755 Wilshire Blvd, Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

Adam M. Satnick, California State Bar No. 302326
(adam@satnicklau.com)
Benson K. Lau, California State Bar No. 287429
(benson@satnicklau.com)
**SATNICK LAU LLP**
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone:   (310) 356-8472
Facsimile:   (310) 436-4969

Attorneys for Plaintiff Full Spectrum IH, LLC

# THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA – BAKERSFIELD DIVISION

| | |
|---|---|
| FULL SPECTRUM IH, LLC, a Florida limited liability company;<br><br>                         Plaintiff,<br><br>          vs.<br><br>DCM, INC., a Nevada corporation; LIBERTY NOVELTY, INC., a Maryland corporation; ALIRAZA JIVAN, an individual; ALFIA JIVAN, an individual; and DOES 1 through 10, inclusive,<br><br>                         Defendants. | Case No.: 1:20-cv-00673-DAD-JLT<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF A CLERK'S DEFUALT JUDGMENT AGAINST DCM, INC. IN A SUM CERTAIN PURSUANT TO FED. R. CIV. P. 55(B)(1)**<br><br>*[Filed concurrently with: Declarations of Benson K. Lau, Esq. and Michael Lagnese; and Proposed Judgment thereon]*<br><br>Hearing:     September 2, 2020; 9:30 a.m.<br>Judge:       Hon. Jennifer L. Thurston<br>Location:    United States Courthouse,<br>             510 19th Street, Suite 200,<br>             Bakersfield, CA 93301 |

**TO THE HONORABLE COURT, THE CLERK OF THE COURT, AND ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

          **PLEASE TAKE NOTICE** that on September 2, 2020, or as soon thereafter as

LAW OFFICE OF ADAM M SATNICK
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone (310) 356-8472

the matter may be heard in Suite 200 of the above-entitled Court located at United

States Courthouse, 510 19th Street, Suite 200, Bakersfield, CA 93301, Plaintiff Full

Spectrum IH, LLC ("<u>Plaintiff</u>") will move and hereby does move for entry of default

judgment by Clerk in a sum certain against Defendant DCM, INC. ("<u>DCM</u>") ("<u>DCM</u>"

or "<u>Defendant</u>") pursuant to Federal Rules of Civil Procedure ("<u>FRCP</u>") Rule 55(b)(1).

This Motion is made on the ground that DCM has failed to answer, plead, or

otherwise respond to Plaintiff's Complaint (FRCP 12(a)(1)(A)(i)), as served by personal

service on May 20, 2020. The other defendants, Liberty Novelty, Inc. ("<u>Liberty</u>

<u>Novelty</u>"), Aliraza Jivan ("<u>Aliraza</u>"), and Alfia Jivan ("<u>Alfia</u>") have also failed to answer,

plead, or otherwise respond to Plaintiff's Complaint.

This Motion is based upon this Notice, the Memorandum of Points and

Authorities, the supporting Declarations of Benson K. Lau, Esq. and Michael Lagnese,

and Exhibits thereto filed herewith, and all pleadings, records, and documents filed in

this action, and such other oral and written evidence and argument as may be presented

to the Court prior to its ruling on this Motion.

Respectfully submitted,

DATED: August 3, 2020                    SATNICK LAU LLP

By: _____

BENSON K. LAU
Attorney for Plaintiff FULL
SPECTRUM IH, LLC

LAW OFFICE OF ADAM M SATNICK
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff FULL SPECTRUM IH, LLC ("Plaintiff") by and through its undersigned counsel, hereby requests that the Clerk enter a default judgment in a sum certain against Defendant DCM, INC. ("DCM" or "Defendant.")

Plaintiff commenced this action on May 12, 2020, by the filing of a Complaint against DCM, Liberty Novelty, Inc. ("Liberty Novelty"), Alfia Jivan ("Alfia"), and Aliraza Jivan ("Aliraza") (collectively, "Defendants") (**ECF Docket No. 1**.) Plaintiff's Complaint asserts a claim against Defendants to recover the sum of $440,000.00 arising from a certain written Industrial Hemp Purchase Agreement (the "Contract") in which DCM agreed to purchase 3,500 lbs. of machine-trimmed industrial hemp of a particular strain and quality over a two-month period for a total sum of $560,000.00 (the "Purchase Price") payable in seven (7) weekly installments of $80,000.00 beginning on November 8, 2019 and concluding on December 20, 2019.

DCM paid the initial installment of $80,000.00. Thereafter, DCM defaulted on its remaining payment obligations under the Contract by failing to pay any of the remaining six (6) weekly installments in full. Instead, DCM paid Plaintiff the sum of $40,000.00 on November 15, 2019 -- half of the amount due for the second installment payment. Accordingly, Plaintiff's right to payment for the remaining sums due vested on November 15, 2019. The sum of $440,000.00 remains due and owing to Plaintiff under the Contract.

DCM was served with a copy of the Summons and Complaint by personal service on May 20, 2020. (**ECF Docket Nos. 4, 5, and 7**.)

Pursuant to FRCP Rule 12(a)(1)(A)(i), DCM was required to serve an answer or otherwise respond to the Complaint by June 10, 2020. **DCM has failed to timely do so here.** Accordingly, at the request of Plaintiff, the Clerk of Court entered default against Defendants Alfia, DCM, and Liberty Novelty on June 17, 2020. (**ECF Docket No. 11**.) At the request of Plaintiff, the Clerk of Court entered default for Defendant Aliraza on July 21, 2020. (**ECF Docket No. 13**.)

LAW OFFICE OF ADAM M SATNICK
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone (310) 356-8472

1   DCM is a corporate entity and thus is not a minor or incompetent person and is
2   not subject to the Servicemembers Civil Relief Act. (50 U.S.C. App. § 521).

3   No further notice or hearing is required since Plaintiff is entitled to the entry of
4   default judgment in a sum certain pursuant to Fed. R. Civ. P. Rule 55(b)(1).

5   Rule 55(b)(1) of the Federal Rules of Civil Procedure states as follows:

6   **(b)** *Entering a Default Judgment.*

7   *(1)* ***By the Clerk.*** If the plaintiff's claim is for a sum certain or
8   a sum that can be made certain by computation, the clerk – on the
9   plaintiff's request, with an affidavit showing the amount due – must
10  enter judgment for that amount and costs against a defendant who has
11  been defaulted for not appearing and who is neither a minor nor an
12  incompetent.

13  As more fully set forth in the Declaration of Michael Lagnese submitted
14  herewith, the sum certain due and owing to Plaintiff by DCM, excluding interest, is for
15  $440,000.00.

16  As more fully set forth in the Declaration of Benson K. Lau submitted herewith,
17  the sum certain due and owing to Plaintiff by Defendants for prejudgment interest at a
18  rate of 10% per annum is $35,197.68, which will continue to accrue at the per diem
19  rate of $120.54 until judgment is entered.

20  Based on the foregoing, Plaintiff submits that it is entitled to entry of default
21  judgment against Defendant DCM in the sum of $475,197.68, which includes interest
22  from November 15, 2019, through the anticipated entry of judgment on September 2,
23  2020 in the amount of $35,197.68. Plaintiff will bring a post judgment motion for
24  attorneys' fees and costs following entry of judgment.

25  **WHEREFORE,** Plaintiff respectfully requests that the Clerk grant this Motion
26  and enter the proposed Default Judgment submitted herewith against Defendants in
27  the sum certain of $475,197.68, plus per diem interest from and after the date of this
28  motion at the rate of $120.54 per day.

LAW OFFICE OF ADAM M SATNICK
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

1    Respectfully submitted,

2     DATED: August 3, 2020                    SATNICK LAU LLP

3

4                                             By: _____

5                                                 BENSON K. LAU
                                                  Attorney for Plaintiff FULL
6                                                 SPECTRUM IH, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICE OF ADAM M SATNICK
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

MEMORANDUM OF POINTS AND AUTHORITIES

Adam M. Satnick, California State Bar No. 302326
(adam@satnicklau.com)
Benson K. Lau, California State Bar No. 287429
(benson@satnicklau.com)
**SATNICK LAU LLP**
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone:   (310) 356-8472
Facsimile:   (310) 436-4969

Attorneys for Plaintiff Full Spectrum IH, LLC

# THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA - BAKERSFIELD DIVISION

|  |  |
|---|---|
| FULL SPECTRUM IH, LLC, a Florida limited liability company; | Case No.: 1:20-cv-00673-DAD-JLT |
| Plaintiff, | **[PROPOSED] JUDGMENT** |
| vs. | |
| DCM, INC., a Nevada corporation; LIBERTY NOVELTY, INC., a Maryland corporation; ALIRAZA JIVAN, an individual; ALFIA JIVAN, an individual; and DOES 1 through 10, inclusive, | |
| Defendants. | |

This matter having come before the Court upon the Motion of Plaintiff FULL SPECTRUM IH, LLC ("Plaintiff") for entry of a Clerk's Default Judgment against Defendant DCM, Inc. ("DCM") In A Sum Certain pursuant to Fed. R. Civ. P. 55(b)(1) (the "Motion"), and there being good cause to grant the relief requested by the Motion;

now, therefore:

Plaintiff's Motion for Default Judgment is granted and that judgment is hereby entered in favor of Plaintiff and against Defendants in the principal sum of $440,000.00, together with interest on that amount at the rate of 10% per annum ($120.54 per day) from November 15, 2019 through the date of anticipated entry of judgment on September 2, 2020 in the sum of $35,197.68, for a total judgment amount of $475,197.68.

Dated:_____                    _____

                                               Clerk of the Court

SATNICK LAU LLP
11755 Wilshire Blvd, Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

[PROPOSED] JUDGMENT

**EXHIBIT K**

**Benson Lau**

| | |
|---|---|
| **From:** | Benson Lau |
| **Sent:** | Friday, August 7, 2020 10:36 PM |
| **To:** | I. Reza Gharakhani |
| **Cc:** | Adam Satnick |
| **Subject:** | RE: Full Spectrum IH, LLC v. DCM, Inc., et. al. ; Case No. 1:20-cv-00673-DAD-JLT |
| **Attachments:** | 4.24.20 Final Demand (Full Spectrum - DCM).pdf; USPS Tracking - Demand Letter (Jivan).pdf; Liberty Novelty Demand Letter - Return Receipt.pdf; 5.22.20 POS Summons (DCM).pdf |

Dear Reza:

As we discussed, we see no incentive for our process server (who has no vested interest in this action) to submit a false declaration. If your clients' best argument to vacate their defaults is that our process server submitted a false affidavit about whom he served, we implore you to reconsider your anticipated filing – especially in light of Rule 3.3(a)(3) of the Rules of Professional Conduct ("RPC") which we discussed at length in our August 4th correspondence. If your clients wish to perjure themselves and place their credibility at issue before the Court, they do so at their own peril. However, as officers of the court, we owe a duty to avoid conduct that undermines the integrity of the adjudicative process. As such, please be forewarned that should you choose to file your clients' false affidavit(s), we will be compelled to apprise the judge not only of your clients' attempted fraud on the court, but also, your knowledge thereof.

We also disagree with your characterization that our client is "steadfast in preventing Defendants from litigating this case on the merits." Just so we are clear, our client has not "prevented" your clients from doing anything they are legally entitled to in this action. It is your clients' own inexcusable delay that has prevented them from litigating this case on its merits. Your clients have yet to provide us with ***any*** justifiable basis for their failure to timely appear in this action and our client is not obligated to agree to your requested stipulation **without reason.** As we discussed yesterday, if your clients can provide us with ***a valid reason*** for their failure to timely appear, we will reconsider your requested stipulation to vacate their defaults. Instead, it seems your clients are now doubling down on their unfounded theory that our process server inexplicably lied to us and provided a false proof of service to us for filing. This does not sit well with us at all nor do we expect our attorney service will take kindly to your clients' defamation of its business practices.

With respect to the mailing, we mailed out the summons and complaint pursuant to the *Code* as soon as we confirmed that our attorney service had not done so. As such, the mailing is a non-issue. If anything, we provided Mr. Jivan with an additional month to appear in this action (or to request an extension of time to respond) due to the mailing being sent out on June 16, 2020. Despite the additional time, Mr. Jivan still failed to timely appear or request an extension from us. Consequently, we took his default.

Just so you know, before we mailed a copy of the summons and complaint to Mr. Jivan on June 16, 2020, we had previously mailed your clients copies of our demand letter via U.S. Certified Mail - Return Receipt Requested. Attached is a copy of our demand letter which we note also included a copy of our complaint that was filed. As you can see from the attached return receipt for our demand letter, it was signed by: "A. Jivan." Please feel free to correct me if I am mistaken, but I believe this belies the explanation you conveyed to me yesterday that your clients first "learned" of this action when Mr. Jivan received a "notice of electronic filing" ("NEF") from the Court regarding the entry of his default. As you may recall, I explained that this might be because we entered "arhjivan@libertynovelty.com" as your clients' e-mail address when we filed our initial pleadings in this action. Which reminds me, was Mr. Jivan able to search his SPAM folder for any other electronic notices he may have received in this action? You mentioned that you would get back to me on this issue today.

As you can see from our demand letter, copies were also delivered via U.S. Certified Mail (with return receipt requests) to: (i) "10940 Sassan Lane, Hagerstown, MD 21742" (which we now know is your clients' personal residence); (ii) DCM's principal office address in Las Vegas, Nevada; and (iii) DCM's registered agent for service of process, Corporation Service Company ("CSC"), at "5605 Riggins Ct., Suite 200, Reno, NV 89502."

As you know, DCM was also personally served with the summons and complaint on May 22, 2020 by and through CSC. Did CSC, **your client's registered agent**, neglect to notify your clients of our demand letter and/or the summons and complaint? Do your clients contend that service of the summons and complaint on DCM's registered agent was somehow ineffective? We attach a copy of the proof of service of summons with respect to DCM, Inc. if it will help refresh your clients' recollection. Perhaps CSC's notice to your clients regarding this action ended up in Mr. Jivan's SPAM folder as well. We eagerly await your clients' explanation on these outstanding issues.

Your clients are grasping at straws. Their attempts to bend the truth in their favor will not end well and we are confident that it will not be well received by the court. We again implore you to reconsider your strategy.

Very truly yours,

**BENSON K. LAU, ESQ.**
**SATNICK LAU LLP**
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025

**T:** (310) 356-8472 **F:** (310) 436-4969 **W:** www.SatnickLau.com

The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. If you are not the intended recipient of this message you are notified that any use, review, retransmission, dissemination, distribution, reproduction or any action taken in reliance upon this message is prohibited. If you received this in error, please contact the sender and delete the material from any computer or device where it may be stored. Thank you.

**From:** I. Reza Gharakhani <gharakhani@rostow.com>
**Sent:** Friday, August 7, 2020 5:02 PM
**To:** Benson Lau <benson@satnicklau.com>
**Cc:** Adam Satnick <adam@satnicklau.com>
**Subject:** Re: Full Spectrum IH, LLC v. DCM, Inc., et. al. ; Case No. 1:20-cv-00673-DAD-JLT

Dear Benson:

Thanks for you email.  I will speak with my clients and advise them of the information you provided.

However, in our call, you also mentioned that you were unhappy with your process server as he had failed to properly mail out a copy of the summons and complaint as required by CCP Section 415.20(a)(b).  As a return of the professional courtesy you extended us, please make sure you also have a candid conversation with your process server to ensure that he is not preparing a false declaration to protect his own interests, or that of Plaintiffs, as it appears that Plaintiff is steadfast in preventing Defendants from litigating this case on its merits.

Sincerely, Reza
Direct Dial: (310) 772-0007
--
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the sole use of the intended recipient(s).  It is the property of Rostow & Auster LLP.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful.  If you have received this communication in error, please notify us immediately by return email or by email to postmaster@rostow.com and destroy this communication and all copies thereof, including all attachments.

ROSTOW & AUSTER LLP
Suite 2525
2049 Century Park East
Los Angeles, California 90067
Telephone: (310) 772-0080
Telecopier: (310) 772-0822

Honolulu
San Francisco

On Aug 7, 2020, at 4:47 PM, Benson Lau <benson@satnicklau.com> wrote:

Dear Reza:

Further to our discussion yesterday regarding the service of process on your clients, we again confirmed with our attorney service that the process server did indeed serve Alfia. Apparently, their 15 year old had answered the door but then he went inside to get Alfia who went out and accepted the service. Per our e-mail of August 4, 2020, we will provide you with the supplemental affidavit re: service of process from our attorney service once we receive it.

Very truly yours,

**Benson K. Lau, Esq.**
**Satnick Lau LLP**
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025

**T:** (310) 356-8472  **F:** (310) 436-4969 **W:** www.SatnickLau.com

The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. If you are not the intended recipient of this message you are notified that any use, review, retransmission, dissemination, distribution, reproduction or any action taken in reliance upon this message is prohibited. If you received this in error, please contact the sender and delete the material from any computer or device where it may be stored. Thank you.

**From:** I. Reza Gharakhani <gharakhani@rostow.com>
**Sent:** Friday, August 7, 2020 3:57 PM
**To:** Benson Lau <benson@satnicklau.com>
**Cc:** Adam Satnick <adam@satnicklau.com>
**Subject:** Re: Full Spectrum IH, LLC v. DCM, Inc., et. al. ; Case No. 1:20-cv-00673-DAD-JLT

Hi Benson:

I confirmed that as well.

Have a good weekend.

Sincerely, Reza
Direct Dial: (310) 772-0007
--

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the sole use of the intended recipient(s).  It is the property of Rostow & Auster LLP.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful.  If you have received this communication in error, please notify us immediately by return email or by email to postmaster@rostow.com and destroy this communication and all copies thereof, including all attachments.

ROSTOW & AUSTER LLP
Suite 2525
2049 Century Park East
Los Angeles, California 90067
Telephone: (310) 772-0080
Telecopier: (310) 772-0822

Honolulu
San Francisco

On Aug 7, 2020, at 3:42 PM, Benson Lau <benson@satnicklau.com> wrote:

Hi Reza:

Per our call yesterday, I've confirmed that Judge Thurston hears civil motions Monday through Friday at 9:30 a.m.

Very truly yours,

**Benson K. Lau, Esq.**
**Satnick Lau LLP**
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025

**T:** (310) 356-8472  **F:** (310) 436-4969 **W:** www.SatnickLau.com

The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. If you are not the intended recipient of this message you are notified that any use, review, retransmission, dissemination, distribution, reproduction or any action taken in reliance upon this message is prohibited. If you received this in error, please contact the sender and delete the material from any computer or device where it may be stored. Thank you.

**From:** Benson Lau
**Sent:** Thursday, August 6, 2020 5:06 PM
**To:** 'I.Reza Gharakhani' <gharakhani@rostow.com>
**Cc:** Adam Satnick <adam@satnicklau.com>
**Subject:** RE: Full Spectrum IH, LLC v. DCM, Inc., et. al. ; Case No. 1:20-cv-00673-DAD-JLT

Hi Reza:

Please see the attached per our call.

4

Very truly yours,

**Benson K. Lau, Esq.**
**Satnick Lau LLP**
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025

**T:** (310) 356-8472  **F:** (310) 436-4969 **W:** www.SatnickLau.com

The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. If you are not the intended recipient of this message you are notified that any use, review, retransmission, dissemination, distribution, reproduction or any action taken in reliance upon this message is prohibited. If you received this in error, please contact the sender and delete the material from any computer or device where it may be stored. Thank you.

**From:** I.Reza Gharakhani <gharakhani@rostow.com>
**Sent:** Tuesday, August 4, 2020 2:04 PM
**To:** Benson Lau <benson@satnicklau.com>
**Cc:** Adam Satnick <adam@satnicklau.com>
**Subject:** Re: Full Spectrum IH, LLC v. DCM, Inc., et. al. ; Case No. 1:20-cv-00673-DAD-JLT

Mr. Lau:

Please find attached our letter of today's date.

Please let us know if you have any questions.

Sincerely, Reza
Direct Dial: (310) 772-0007
--
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the sole use of the intended recipient(s).  It is the property of Rostow & Auster LLP.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful.  If you have received this communication in error, please notify us immediately by return email or by email to postmaster@rostow.com and destroy this communication and all copies thereof, including all attachments.

ROSTOW & AUSTER LLP
Suite 2525
2049 Century Park East
Los Angeles, California 90067
Telephone: (310) 772-0080
Telecopier: (310) 772-0822

Honolulu
San Francisco

On Aug 3, 2020, at 5:19 PM, Benson Lau <benson@satnicklau.com> wrote:

Dear Mr. Gharakhani:

Please see the attached correspondence of today's date.

Very truly yours,

**Benson K. Lau, Esq.**
**Satnick Lau LLP**
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025


**T:** (310) 356-8472 **F:** (310) 436-4969 **W:** www.SatnickLau.com

The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. If you are not the intended recipient of this message you are notified that any use, review, retransmission, dissemination, distribution, reproduction or any action taken in reliance upon this message is prohibited. If you received this in error, please contact the sender and delete the material from any computer or device where it may be stored. Thank you.

**From:** I. Reza Gharakhani <gharakhani@rostow.com>
**Sent:** Wednesday, July 29, 2020 9:19 AM
**To:** Adam Satnick <adam@satnicklau.com>; Benson Lau <benson@satnicklau.com>
**Subject:** Full Spectrum IH, LLC v. DCM, Inc., et. al. ; Case No. 1:20-cv-00673-DAD-JLT

Dear Messrs. Satnick and Lau:

Please find attached our letter of today's date.

Should you have any questions, please contact me on my direct dial listed below.

Sincerely, Reza
Direct Dial: (310) 772-0007
--
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the sole use of the intended recipient(s).  It is the property of Rostow & Auster LLP.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful.  If you have received this communication in error, please notify us immediately by return email or by email to postmaster@rostow.com and destroy this communication and all copies thereof, including all attachments.

ROSTOW & AUSTER
LLP
Suite 2525
2049 Century Park East
Los Angeles, California 90067
Telephone: (310) 772-0080
Telecopier: (310) 772-0822

Honolulu
San Francisco

<8.3.20 Letter to Reza Gharakhani - final.pdf>

**EXHIBIT L**

**Benson Lau**

---

| | |
|---|---|
| **From:** | Benson Lau |
| **Sent:** | Tuesday, August 11, 2020 11:57 AM |
| **To:** | I. Reza Gharakhani; Adam Satnick |
| **Subject:** | RE: Full Spectrum IH, LLC v. DCM, Inc., et. al. ; Case No. 1:20-cv-00673-DAD-JLT |
| **Attachments:** | Affidavit re Service of Process.pdf |

Dear Reza:

Attached please find the affidavit from our process server as promised. In light of the attached affidavit, we still do not find any "valid reason" for your clients' failure to timely appear -- especially, given that your clients had received our demand letter with a copy of our complaint *before* we even filed this action. We note that your prior correspondence neglects to address your clients' prior receipt of our demand letter nor does it explain how, on that basis, Mr. Jivan can assert that the first time he received notice of this action was when he received electronic notice of his default being entered. We also have not received any explanation why DCM's registered agent for service, CSC, failed to timely notify your clients of our demand and/or this action.

With respect to the attacks on our office's professionalism concerning this issue, we do not believe that any of our communications up to this point is in violation of the California Bar's *Guidelines of Civility and Professionalism* (the "Guidelines"). We endeavor to strictly adhere to the Guidelines in the course of our practice and do not take attacks on our professionalism lightly. We have never suggested in any of our e-mails that you are manufacturing falsehoods. To the extent that you were offended, please accept our sincere apologies. Thus far, our informal discussions over the phone have been rather civil and professional which I'm sure you will agree.

To be clear, our August 4th email regarding Rule 3.3(a) of the Rules of Professional Conduct (the "RPC") was sent as a professional courtesy to your office to apprise you that our process server had sufficient evidence to contradict your clients' version of events and to caution you from filing a motion predicated upon a false affidavit. In other words, the purpose of that correspondence was to: (i) notify you that we have identified a potentially perjurious position that your clients have taken; (ii) caution you from relying upon said position; and (iii) caution you from advancing such position as the primary basis to vacating your clients' defaults. The weight of the evidence is simply not in your clients' favor on this issue and we again implore you to reconsider. As Adam mentioned in his prior e-mail, there are a number of other grounds available to have your clients' defaults vacated which do not require filing a likely false affidavit on behalf of their fifteen year old son. However, by insisting upon moving forward with your clients' son's contradictory affidavit, you are placing his credibility (and by extension, your clients' credibility) at issue against that of our process server's. This is what prompted our August 7th correspondence which was intended solely to serve as a warning that if you insist on placing your clients' credibility at issue by filing what we believe will be false affidavit(s) in support of your motion, we will be compelled to attack your clients' credibility and apprise the court not only of the false information contained therein but also our warnings to your office (which we again provided as a professional courtesy).

We also do not appreciate the insinuation that our delayed response to your July 29th correspondence was somehow a "litigation tactic" performed in bad faith. We direct you to our August 3rd response to your letter in which we explained that "our client has been unfairly prejudiced by your clients' delay" and that he has "already incurred attorneys' fees in connection with taking your clients' defaults together with the motion for clerk's entry of default judgment against DCM, Inc. (the "Motion")." Our August 3rd letter further explained that we had been preparing your clients' default motions "in accordance with the Court's minute order of July 22, 2020" which ordered our client to file such motions by no later than August 31, 2020.

Simply put, our client incurred attorneys' fees and costs with respect to our preparation and filing of the motion attached to our August 3rd letter. It would have been prejudicial to our client's interests if we did not file our motion after having performed the work <u>ordered by the Court</u>. As we discussed on multiple occasions, both over the phone and through e-mail, our client is under no obligation to stipulate to vacating your clients' defaults <u>without reason</u> and his refusal to do so absent <u>any valid reason</u> should not be misconstrued as a bad faith "litigation tactic." We note that your July 29th correspondence failed to provide any explanation for your clients' failure to appear or respond in this action. During our call on August 4th, you acknowledged that you understood our position on this so it is surprising to me that you are now trying to cast our refusal to stipulate in this manner. We still have not been provided with any valid reason from your clients as to why we should grant their requested stipulation. As discussed, if you have any other explanation besides the unfounded theory that our process server is lying to us, please provide it to us and we will reconsider your requested stipulation.

Finally, with respect to your suggestion that we "stop wasting time on procedural issues" on the basis that it will "only escalate the costs of litigation," these were precisely the concerns that we wished to avoid in moving expeditiously to personally serve your clients and prosecute our client's claim without delay. Your clients' inexcusable delay in failing to appear or respond caused us to take their defaults which brings us to the "procedural issues" we face today. If your clients want to begin "litigating the case on its merits" they should have appeared in this action or responded in a timely manner. However, rather than going back in time and relitigating the past, please provide the "additional information" referenced in your prior emails which you believe will "confirm" that our process server did not serve Alfia Jivan so that we may better evaluate your clients' position and further discuss this issue with our process server and/or our client, if necessary. We would also like to know your clients' explanation as to why DCM's registered agent failed to timely notify them of our demand letter and/or this action.

In the interim, please do not hesitate to contact us should you have any questions regarding the foregoing.

Very truly yours,

**BENSON K. LAU, ESQ.**
**SATNICK LAU LLP**
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025

**T:** (310) 356-8472  **F:** (310) 436-4969 **W:** www.SatnickLau.com

The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. If you are not the intended recipient of this message you are notified that any use, review, retransmission, dissemination, distribution, reproduction or any action taken in reliance upon this message is prohibited. If you received this in error, please contact the sender and delete the material from any computer or device where it may be stored. Thank you.

**From:** I. Reza Gharakhani <gharakhani@rostow.com>
**Sent:** Monday, August 10, 2020 11:43 AM
**To:** Adam Satnick <adam@satnicklau.com>
**Cc:** Benson Lau <benson@satnicklau.com>
**Subject:** Re: Full Spectrum IH, LLC v. DCM, Inc., et. al. ; Case No. 1:20-cv-00673-DAD-JLT
**Importance:** High

Hi Adam:

I agree with you 100% that Defendants' motion to set aside the defaults does not need "false testimony" to have a "fighting chance."  The false testimony characterization/issue came about from Benson's repeated warnings implying that Defendants, and or I, are attempting to defraud the court by asserting Defendants' version of events. Simply put,

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

**FULL SPECTRUM IH, LLC ,**

V.

**SUMMONS IN A CIVIL CASE**

**DCM INC. , ET AL. ,**

CASE NO:  **1:20−CV−00673−DAD−JLT**

TO:  **DCM Inc.,** Alfia Jivan, **Aliraza Jivan,
Liberty Novelty Inc.**
Defendant's Address:

**YOU ARE HEREBY SUMMONED** and required to serve on

**Benson Kwok Wai Lau
Satnick Lau LLP
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025**

an answer to the complaint which is served on you with this summons, within **21** days after
service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.  Any answer that you serve
on the parties to this action must be filed with the Clerk of this Court within a reasonable period
of time after service.

**KEITH HOLLAND**

CLERK

**/s/  T. Lundstrom**



(By) DEPUTY CLERK

**ISSUED ON 2020−05−13 11:19:12.0 , Clerk**
USDC EDCA

Case 1:20-cv-00673-DAD-JLT   Document 2   Filed 05/13/20   Page 2 of 2

### RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint* was made by me (1) | DATE **5/20/2020 at 6:28pm** |
| NAME OF SERVER *(PRINT)*    **Jason Bowers** | TITLE   **Process Server** |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served:   **10940 Sassan Ln, Hagerstown, MD 21742**

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

☐ Name of person with whom the summons and complaint were left:_____

☐ Returned unexecuted:_____

☐ Other (specify) :_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   **5/20/2020**
_____
Date

Signature of Server

**PO Box 1583, Hedgesville, WV  25426**
_____
*Address of Server*

**\*Additional documents served:  Civil Cover Sheet, Plaintiff Full Spectrum IH, LLC's Corporate Disclosure Statement and Certificate of Interested Parties; and Order Setting Mandatory Scheduling Conference**

**AFFT**
Satnick Lau, Esq.
Benson K. Lau, Esq.
11755 Wilshire Blvd., Suite 1250
Los Angeles , CA 90025
State Bar No.: 287429
Attorney(s) for: Plaintiff(s)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT CALIFORNIA

|  |  |
|---|---|
|  | Case No.:<br>**1:20-CV-00673-DAD-JLT** |
| **Full Spectrum IH, LLC**<br><span style="text-align:center">*vs*</span><br>**DCM Inc., et al** | Date:<br>Time: |

<em>Plaintiff(s)</em>

<em>Defendant(s)</em>

### AFFIDAVIT OF PROCESS SERVER

**Jason S. Bowers,** being duly sworn deposes and says: That Affiant is and was on the day when he attempted to serve the within action, a citizen of the United States, over 18 years of age, and not a party to or interested in, the within action. Pursuant to NRS 239B.030 this document does not contain the social security number of any person.  That the affiant received the within **Summons in a Civil Action; Civil Cover Sheet; Complaint for 1.  Promissory Fraud. 2.  Breach of Written Contract. 3. Breach of Implied Covenant of Good Faith and Fair Dealing. 4. Violation of Business and Professions Code §17200; Plaintiff Full Spectrum IH, LLC's Corporate Disclosure Statement and Certificate of Interested Parties; and Order Setting Mandatory Scheduling Conference** on the **19th** day of **May**, **2020** and attempted to effect service on **Alfia Jivan** at the following address(es): **10940 Sassan Lane, Hagerstown, MD 21742**.  Below are listed the date(s) and time(s) of attempted service.

| **Date** | **Time** | **Address** | **Outcome** |
|---|---|---|---|
| 5/20/2020 | 6:28pm | As above | Address corresponds to a two story brick house.  A young male (approximately 15 years old and 5'9", thin build, dark hair) answered the door.  He confirmed the defendant was home and went inside the house to get her. The defendant, Alfia Jivan (approximately 42 years old and 150lbs. and 5'6", black hair), came to the door and a copy of the documents were served to her. |



**State of** ~~Maryland~~ WV **, County of** Borkelcy

SUBSCRIBED AND SWORN to before me on this
8 day of **August** , **2020**

_____
**Jason S. Bowers**
**Process Server**

_____
Notary Public

WorkOrderNo **2004355**

143

**EXHIBIT M**

**Benson Lau**

| | |
|---|---|
| **From:** | Sophia Paterson <Sophia@lpsnv.com> |
| **Sent:** | Wednesday, August 26, 2020 3:34 PM |
| **To:** | Benson Lau |
| **Subject:** | FW: [ServeManager] Job #4547274 Served |

Best regards,

*Sophia Paterson*

P.S. Please click here to read our [COVID-19 Update](#).



### Sophia Paterson
Operations Manager

724 S. 8th Street
Las Vegas, NV 89101

**eMail:** Sophia@lpsnv.com
**Phone:** 702-471-7255 **ext** 505
**Fax:** 702-471-7248
**Toll Free:** 888-568-5566
**Website:** [www.lpsnv.com](http://www.lpsnv.com)
**State Lic. 604**

This message is confidential. It may also be privileged or otherwise protected by work product immunity or other legal rules. If you have received it by mistake, please let us know by e-mail reply and delete it from your system; you may not copy this message or disclose its contents to anyone. Please send us by fax any message containing deadlines as incoming e-mails are not screened for response deadlines. The integrity and security of this message cannot be guaranteed on the Internet.

**From:** Jason Bowers <notifications@mail.servemanager.com>
**Sent:** Wednesday, May 20, 2020 3:35 PM
**To:** Norma McMahan <norma@lpsnv.com>
**Subject:** [ServeManager] Job #4547274 Served

# Served

Jason Bowers shared a service notification with you:

## Details

**Process Server:** Jason Bowers

**Date & Time:** May 20, 2020, 6:28 pm EDT

**Service Type:** Personal/Individual

**Description of Service:**

1

## Recipient

Recipient: Alfia Jivan
Age:        42
Gender:     Female
Weight:     150
Height:     5'6"
Hair:       Black

**Description of Recipient:**

## Service Address

10940 Sassan Lane, Hagerstown, MD 21742

## GPS Data

**Mobile Device:** iPhone 13.3.1

**GPS Coordinates:** 39.61540968, -77.6576101

**GPS Timestamp:** 1590013730000

---

# Job & Case

**Job:** 4547274

**Recipient:** Alfia Jivan, Aliraza Jivan, and Liberty Novelty Inc.

**Case:** 1:20-CV-006730-DAD-JLT

**Plaintiff:** Full Spectrum IH LLC

**Defendant:** Alfia Jivan, Aliraza Jivan, and Liberty Novelty Inc.

**Court:** United States District Court Eastern District of

**County:**

**Documents:**

---

.

**EXHIBIT N**

**Offender information**

**Name:** JIVAN, ALIRAZA HAIDER
**Address:** FL
**Case Number:** 502012CF010729AXXXMB
**Case Filing Date:** 10/03/2012
**County:** PALM BEACH
**DOB:** 01/1971
**SSN:** 635-26-XXXX
**Race:** WHITE
**Sex:** Male

**Offenses**

**Case Filing Date:** 10/03/2012
**Number Counts:** 1
**Case Number:** 502012CF010729AXXXMB
**Court Offense:** OUT-OF-STATE-FUG-REFFUGITIVE FROM JUSTICE
**Court Statute:** 941.02
**Court Disposition:** EXTRADITION - RET DEMAND STATE
**Court Disposition Date:** 10/22/2012
**Sentence - Jail:** Max: .00 Years .00 Months .00 Days
**Sentence - Probation:** Max:.00 Years .00 Months .00 Days

**Court Activity**

[NONE FOUND]

**2: Florida Court Report**

**Offender information**

**Name:** JIVAN, ALIRAZA HAIDER
**Address:** FL
**Case Number:** 502012MM016021AXXXSB
**Case Filing Date:** 10/03/2012
**County:** PALM BEACH
**DOB:** 01/1971
**SSN:** 635-26-XXXX
**Race:** WHITE
**Sex:** Male

**Offenses**
Offense #1

**Case Filing Date:** 10/03/2012
**Number Counts:** 1
**Case Number:** 502012MM016021AXXXSB
**Court Offense:** POSSESSION OF MARIJUANA UNDER 20 GRAMS
**Court Statute:** 893.13(6B)
**Court Disposition:** ADJUDICATION WITHHELD
**Court Disposition Date:** 03/08/2013
**Sentence - Jail:** Max: .00 Years .00 Months .00 Days
**Sentence - Probation:** Max:.00 Years .00 Months .00 Days

Offense #2

**Case Filing Date:** 10/03/2012
**Number Counts:** 2
**Case Number:** 502012MM016021AXXXSB
**Court Offense:** POSSESSION OF PARAPHERNALIA (USE)
**Court Statute:** 893.147(1B)
**Court Disposition:** ADJUDICATION WITHHELD
**Court Disposition Date:** 03/08/2013
**Sentence - Jail:** Max: .00 Years .00 Months .00 Days
**Sentence - Probation:** Max:.00 Years .00 Months .00 Days

Offense #3

**Case Filing Date:** 10/03/2012
**Number Counts:** 3
**Case Number:** 502012MM016021AXXXSB
**Court Offense:** GIVING FALSE NAME UPON BEING ARRESTED OR DETAINED
**Court Statute:** 901.36(1)
**Court Disposition:** ADJUDICATED GUILTY BY COURT
**Court Disposition Date:** 03/08/2013
**Sentence - Jail:** Max: .00 Years .00 Months .00 Days
**Sentence - Probation:** Max:.00 Years .00 Months .00 Days

**Court Activity**

[NONE FOUND]

**3: Florida Court Report**

**Offender information**

**Name:** JIVAN, ALI RAZA
**Address:** 8229 SUN VISTA WAY
ORLANDO, FL 32822-7312
ORANGE COUNTY
**Case Number:** 2002MM011350AO
**Case Filing Date:** 07/23/2002
**Case Type:** MISDEMEANOR
**County:** ORANGE
**DOB:** 01/1971
**SSN:** 635-26-XXXX
**Race:** WHITE
**Sex:** Male

**Offenses**

**Case Filing Date:** 07/23/2002
**Number Counts:** 1
**Offense Date:** 03/30/2001
**Arrest Date:** 07/23/2002
**Case Number:** 2002MM011350AO
**Court Offense:** CR-PROVIDING FALSE ID TO LAW ENFORCEMENT OFF.
**Court Statute:** 901.36(1)
**Court Disposition:** NOLLE PROSEQUI (NC) Status:CLOSED 20100423
**Court Disposition Date:** 04/23/2010
**Court Level/Degree:** MISDEMEANOR

**Court Activity**

[NONE FOUND]

**4: Florida Court Report**

**Offender information**

**Name:** JIVAN, ALI RAZA HAIDER
**Address:** FL
**Case Number:** 482002MM011350AXXXOX
**Case Filing Date:** 07/23/2002
**DOB:** 01/1971
**SSN:** 635-26-XXXX
**Race:** WHITE
**Sex:** Male

**Offenses**

**Case Filing Date:** 07/23/2002
**Offense Date:** 03/30/2001
**Arrest Date:** 07/23/2002
**Court Description:** LAFAYETTE 48C - COUNTY COURT
**Case Number:** 482002MM011350AXXXOX
**Court Offense:** NOT SPECIFIED

**Court Statute:** 0901.36.1
**Court Disposition:** Status:I
**Court Disposition Date:** 07/23/2002
**Court Level/Degree:** MISDEMEANOR FIRST DEGREE

**Court Activity**

[NONE FOUND]

**5: Florida Court Report**

**Offender information**

**Name:** JIVAN, ALI R
**Address:** 8229 SUN VISTA WAY
ORLANDO, FL 32822-7312
ORANGE COUNTY
**Case Number:** CTC0013959MMANO
**Case Filing Date:** 05/11/2000
**County:** PINELLAS
**DOB:** 01/1971
**SSN:** 635-26-XXXX
**Race:** WHITE
**Sex:** Male
**Height:** 5'6"

**Offenses**

**Case Filing Date:** 05/11/2000
**Offense Date:** 10/03/1999
**Court Description:** COUNTY
**Case Number:** CTC0013959MMANO
**Court Offense:** OBTAINING PROPERTY IN RETURN FOR WORTHLESS CHECK
**Court Statute:** 832.05(4)
**Court Disposition:** NO TRIAL - ADJUDICATION WITHHELD
**Court Disposition Date:** 06/29/2000
**Court Level/Degree:** MISDEMEANOR FIRST DEGREE
**Court Costs:** $155

**Court Activity**

[NONE FOUND]

**6: Florida Court Report**

**Offender information**

**Name:** JIVAN, ALI R
**Address:** 8229 SUN VISTA WAY
ORLANDO, FL 32822-7312
ORANGE COUNTY
**Case Number:** CTC0013974MMANO
**Case Filing Date:** 05/11/2000
**County:** PINELLAS
**DOB:** 01/1971
**SSN:** 635-26-XXXX
**Race:** WHITE
**Sex:** Male
**Height:** 5'6"

**Offenses**

**Case Filing Date:** 05/11/2000
**Offense Date:** 10/04/1999
**Court Description:** COUNTY
**Case Number:** CTC0013974MMANO
**Court Offense:** OBTAINING PROPERTY IN RETURN FOR WORTHLESS CHECK
**Court Statute:** 832.05(4)
**Court Disposition:** NO TRIAL - ADJUDICATION WITHHELD