# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DEON TURNER, JR., | ) Case No.: 1:21-cv-00673-SAB (PC) |
| Plaintiff, | ) |
| v. | ) ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | ) ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| Defendants. | ) FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED |
| | ) (ECF No. 9) |

Plaintiff Steven Deon Turner, Jr., is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on April 22, 2021. On April 26, 2021, the Court directed Plaintiff to pay the $402.00 filing fee or complete and submit an application to proceed in forma pauperis. (ECF No. 4.)

In response to the Court's April 26, 2021 order, Plaintiff submitted a security agreement, which was filed under seal, in the form of property as collateral as payment for the filing fee in this action. (ECF No. 5.)

///

1

On May 7, 2021, the Court advised Plaintiff that filing fee requirement must be fulfilled by way of United States currency, and Plaintiff cannot attempt to submit a security agreement in form of property as collateral. (ECF No. 6.) The Court granted Plaintiff thirty days from May 7, 2021 to either pay the filing fee in full or complete and submit an application to proceed *in forma pauperis*. (Id.)

On May 24, 2021, Plaintiff filed objections to the Court's May 7, 2021 order and again requests to submit a security agreement in the form of property as collateral for the filing fee. (ECF No. 7.)

On May 26, 2021, the Court overruled Plaintiff's objections and granted him twenty days to pay the filing fee or submit an application to proceed in forma pauperis. (ECF No. 8.)

On June 17, 2021, Plaintiff filed a motion for an extension of time to pay the filing fee or submit the application to proceed in forma pauperis. (ECF No. 9.) Plaintiff also seeks a court granting him access to his legal materials and to the law library. (Id.)

On the basis of good cause, the Court will grant Plaintiff an extension of time to pay the filing fee or submit an application to proceed in forma pauperis. However, Plaintiff's request for a court order to grant him access to his legal materials and/or law library must be denied.

**I.**

**LEGAL STANDARD**

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party serve must appear to defend."). Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the moving party "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted). "Under Winter, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Section 3626(a)(2) also places significant limits upon a court's power to grant preliminary injunctive relief to inmates. "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 999 (9th Cir. 2000).

///
///
///

## II.

## DISCUSSION

In his request, Plaintiff seeks a court order directing that prison officials provide him access to his legal materials and access to the law library to litigate this action.

First, at this juncture of the case, the Court cannot determine that Plaintiff is likely to succeed on the merits of the Case. Second, the United States Marshal has yet to effect service on any Defendant, and Defendants have no actual notice. Therefore, the Court has no personal jurisdiction over any Defendant at this time. Fed. R. Civ. P. 65(d)(2); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999); Zepeda v. U.S. I.N.S., 753 F.2d 719, 727-28 (9th Cir. 1983). Third, even if the Court had personal jurisdiction over the individuals named in the complaint, Plaintiff has failed to demonstrate imminent irreparable harm necessary to support a preliminary injunction. See Winter, 555 U.S. at 20; Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). Lastly, Plaintiff's request for a court order directing further access to the law library must also be denied. Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

A prisoner cannot submit conclusory declarations of injury by claiming his access to the courts has been impeded. Thus, it is not enough for an inmate to show some sort of denial of access without further elaboration. Plaintiff must demonstrate "actual injury" from the denial and/or delay of access. The Supreme Court has described the "actual injury" requirement:

> [T]he inmate … must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he suffered

arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 518 U.S. at 351.

In this instance, Plaintiff has failed to allege or demonstrate "actual injury" by the failure of access to law library. Indeed, the Court cannot determine why Plaintiff would need access to the law library in order to simply pay the filing fee in full or complete and submit an application to proceed in forma pauperis. Thus, Plaintiff has failed to demonstrate that in the absence of preliminary injunctive relief he is likely to suffer actual injury in prosecuting his case. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988), citing Goldies Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). Accordingly, Plaintiff's request for injunctive relief should be denied.

### III.

### ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that Plaintiff is granted thirty (30) days from the date of service of this order to either pay the $402.00 filing fee in full or complete and submit an application to proceed in forma pauperis.

In addition, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction (ECF No. 9), be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson

///

v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **June 29, 2021**

_____
UNITED STATES MAGISTRATE JUDGE